UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARDITH LINDSEY,

                Plaintiff,

- against -

CITIGROUP GLOBAL MARKETS INC.,

                Defendant.

Index No. 1:23-cv-10166 (ALC)

---

## DEFENDANT CITIGROUP GLOBAL MARKETS INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000

2001 K Street NW
Washington, D.C. 20006-1047
Tel: (202) 223-7300

*Counsel to Defendant Citigroup Global Markets Inc.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    Consistent with the Case Law, the Court Should Dismiss Plaintiff's GMVPL Claim .................................................................................................... 2

    II.    Plaintiff's Title VII Claim Premised on the 2007 Allegations Is Time-Barred and Fails to Plead a Legally Cognizable Injury .......................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Banks* v. *Gen. Motors, LLC*,
   2020 WL 6827707 (W.D.N.Y. Nov. 20, 2020) ...................................................................8

*Bensky* v. *Indyke*,
   2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024) ...................................................................3, 6

*Best* v. *Bell*,
   2014 WL 1316773 (S.D.N.Y. Mar. 28, 2014) ...................................................................9

*Bros.* v. *Florence*,
   95 N.Y.2d 290 (N.Y. 2000) ................................................................................................3

*Collier* v. *Boymelgreen Devs.*,
   2008 WL 835706 (E.D.N.Y. Mar. 28, 2008) ...................................................................10

*Crawford* v. *ExlService.com, LLC*,
   2019 WL 6284228 (S.D.N.Y. Nov. 25, 2019) ...................................................................9

*Doe* v. *Univ. of Conn.*,
   2013 WL 4504299 (D. Conn. Aug. 22, 2013) ...................................................................9

*Duell* v. *Condon*,
   84 N.Y.2d 773 (N.Y. 1995) ................................................................................................4

*People* v. *Dyshawn B.*,
   152 N.Y.S.3d 131 (N.Y. App. Div. 2d Dep't 2021) ...........................................................5

*EEOC* v. *Rotary Corp.*,
   297 F. Supp. 2d 643 (N.D.N.Y. 2003) ...............................................................................8

*Fitzgerald* v. *Henderson*,
   251 F.3d 345 (2d Cir.2001) ................................................................................................7

*In Re Gleason (Michael Vee, Ltd.)*,
   96 N.Y.2d 117 (N.Y. 2001) ........................................................................................4, 5, 6

*Gottwald* v. *Sebert*,
   2016 WL 1365969 (N.Y. Sup. Ct. N.Y. Cnty. Apr. 6, 2016) .............................................6

*Gottwald* v. *Sebert*,
   40 N.Y.3d 240 (N.Y. 2023) ............................................................................................3

*Herman* v. *City of N.Y.*,
   2023 WL 6386887 (S.D.N.Y. Sept. 29, 2023) ..............................................................9

*Hernandez* v. *Barrios-Paoli*,
   93 N.Y.2d 781 (N.Y. 1999) ..........................................................................................5

*Jungels* v. *State Univ. Coll. of N.Y.*,
   922 F. Supp. 779 (W.D.N.Y. 1996) ............................................................................10

*King* v. *Aramark Servs.*,
   96 F.4th 546 (2d Cir. 2024) ......................................................................................9, 10

*Klymn* v. *Monroe Cnty. Sup. Ct.*,
   641 F. Supp. 3d 6 (W.D.N.Y. 2022) ..........................................................................7, 8

*McGee* v. *Int'l Life Ins. Co.*,
   355 U.S. 220 (1957) ......................................................................................................4

*McGullam* v. *Cedar Graphics, Inc.*,
   609 F.3d 70 (2d Cir. 2010) ........................................................................................ 7-8

*Matter of Mia S.*,
   212 A.D.3d 17 (N.Y. App. Div. 2d Dep't 2022) ...................................................... 3-4

*Morse* v. *Fidessa Corp.*,
   84 N.Y.S.3d 50 (N.Y. App. Div. 1st Dep't 2018) ........................................................5

*Murillo-Roman* v. *Pension Bds.-United Church of Christ*,
   2024 WL 246018 (S.D.N.Y. Jan. 23, 2024) .................................................................7

*Nat'l R.R. Passenger Corp.* v. *Morgan*,
   536 U.S. 101 (2002) ......................................................................................................7

*New York* v. *Pennsylvania Higher Educ. Assistance Agency*,
   2022 WL 951048 (S.D.N.Y. Mar. 30, 2022) ................................................................3

*In re OnBank & Tr. Co.*,
   90 N.Y.2d 725 (N.Y. 1997) ..........................................................................................3

*Parrott* v. *Krasicky*,
   2013 WL 3338570 (D. Conn. July 2, 2013) .................................................................8

*Port Auth. of N.Y. & N.J.* v. *Allied Corp.*,
   914 F. Supp. 960 (S.D.N.Y. 1995) ..............................................................................10

*Roches-Bowman* v. *Mount Vernon*,
    2022 WL 3648394 (S.D.N.Y. Aug. 24, 2022) ................................................................... 7, 9

*Ruiz* v. *New Avon LLC*,
    2019 WL 4601847 (S.D.N.Y. Sep. 22, 2019) ........................................................................ 8

*Spiegel* v. *226 Realty LLC*,
    2024 WL 4486892 (N.Y. App. Div. 1st Dept. Oct. 15, 2024) ................................................ 5

*Sprint/United Mgmt. Co.* v. *Mendelsohn*,
    552 U.S. 379 (2008) ............................................................................................................. 9

*Stein* v. *Rockefeller Univ. Hosp.*,
    2024 N.Y. Misc. LEXIS 13787, 2024 NYLJ LEXIS 1662 (N.Y. Sup. Ct. N.Y.
    Cnty. May 23, 2024) ............................................................................................................ 3

*Weeks* v. *New York State*,
    273 F.3d 76 (2d Cir. 2001) ................................................................................................... 8

*Williams* v. *Westchester Med. Ctr. Health Network*,
    2022 WL 4485298 (S.D.N.Y. Sep. 27, 2022) ....................................................................... 8

## Statutes and Rules

Fed. R. Civ. P. 12 .......................................................................................................................... 2

N.Y.C. Admin. Code § 10-1101, et seq. (the "GMVPL") ..................................................... *passim*

N.Y.C. Local L. 2000/073 ............................................................................................................ 4

N.Y.C. Local L. 2022/021 ............................................................................................................ 2

## PRELIMINARY STATEMENT

The Court should dismiss Plaintiff's legally unsound claims under the GMVPL,[1] and the Title VII claims that are premised on an alleged sexual assault in 2007.

As multiple courts have already ruled, Plaintiff's GMVPL claim against Citi is not permitted by the plain language of the statute, which indisputably did not provide a cause of action against entities or "enable[rs]" of gender-motivated violence until 2022—long after the alleged assault in 2007. Plaintiff's arguments to apply the 2022 Amendment retroactively fly in the face of the great weight of case law, the well-established presumption against retroactivity, and bedrock principles of statutory interpretation, due process, and fairness. Plaintiff's overreliance on barebones references from the 2022 Amendment's legislative history to argue otherwise cannot survive basic scrutiny and does not find support in the case law.

Plaintiff's Title VII claim based on the 2007 Allegations is indisputably time-barred. Plaintiff's attempts to invoke the "disfavored" continuing violation doctrine to sidestep the statute of limitations fail because the alleged assault was a discrete act and unrelated to the other allegations in the AC, which involve different perpetrators, actions, and targets, and take place many years later. Case law is in accord that broad gaps in the timeline of the allegations in a complaint prevent the application of the continuing violations doctrine. Accordingly, the Court should grant Citi's partial motion to dismiss with prejudice.

---

[1] Capitalized terms used but not defined herein are used as defined in ECF No. 20, Defendant Citi's Memorandum of Law in Support of Its Partial Motion to Dismiss the Amended Complaint (the "Citi Br.").

**ARGUMENT**

I. **Consistent with the Case Law, the Court Should Dismiss Plaintiff's GMVPL Claim**

As Citi demonstrated in its opening brief, the 2007 Allegations fail to state a claim under the GMVPL, because it was not until 2022—*15 years after the alleged assault at issue*—that the GMVPL was amended to provide a cause of action for (i) entities or (ii) any defendant that "enable[ed]" (or otherwise directed, participated, or conspired in) gender-motivated violence. *See* N.Y.C. Admin. Code § 10-1104 (2022).[2] In response, Plaintiff asks this Court to rule contrary to the overwhelming weight of case law, *see* Citi Br. 11, and apply the 2022 Amendment retroactively to acts that allegedly took place in 2007 because the GMVPL purportedly "ma[d]e clear that the legislation was always intended to sanction" an entity that enabled a GMVPL violation.[3] Opp. 18. This argument fails for multiple reasons.

*First*, Citi cannot be held liable for an alleged action by a former employee in 2007, both because the plain language of the 2007 GMVPL did not hold *any* defendant liable for "enabling" a GMVPL violation and because the plain language of the 2022 Amendment does not retroactively impose entity liability or "enabling" liability prior to the 2022 Amendment's enactment.

*Second*, courts have considered—and rejected—Plaintiff's retroactivity arguments. These courts have ruled that neither the 2022 Amendment's new liability provisions for entity liability or "enabling" liability, nor the GMVPL itself, should be applied

---

[2] The 2022 Amendment also added a limited look-back period for otherwise time barred claims. N.Y.C. Local L. 2022/021.

[3] Plaintiff also asserts "there is no dispute that Evans sexually assaulted Lindsey." Opp. 45. This is incorrect. As Rule 12 requires, Citi accepts Plaintiff's factual allegations as true solely for purposes of this motion.

retroactively. *See, e.g.*, *Bensky* v. *Indyke*, 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024); *Stein* v. *Rockefeller Univ. Hosp.*, 2024 N.Y. Misc. LEXIS 13787, at *8–9 (N.Y. Sup. Ct. N.Y. Cnty. May 23, 2024); Citi Br. 11 (collecting cases).[4] Plaintiff does not cite ***any cases whatsoever*** that have retroactively imposed liability under the GMVPL.

Instead, Plaintiff relies on cases where amendments to ***other unrelated*** statutes were found to have retroactive effect. But these holdings all found the amendments at issue had other strong indicia in favor of retroactive application. *Compare* Opp. at 19 (citing *Bros.* v. *Florence*, 95 N.Y.2d 290, 299 (N.Y. 2000) (finding that "[s]everal factors, relied on in [New York] precedent[]" supported the court's conclusion that the law had retroactive effect); *In re OnBank & Tr. Co.*, 90 N.Y.2d 725, 730–31 (N.Y. 1997) (finding amendment remedial, and relying on "indicative" language in statute, and legislative history); *New York* v. *Pennsylvania Higher Educ. Assistance Agency*, 2022 WL 951048, at *4–5 (S.D.N.Y. Mar. 30, 2022) (amendment remedial, legislature acted swiftly to overturn court precedent, and strong legislative history)),[5] *with Gottwald* v. *Sebert*, 40 N.Y.3d 240, 259 (N.Y. 2023)

---

[4] The Opposition asserts Citi's cited cases are "inapposite" because they "concern[] criminal sexual misconduct prior to the enactment of the original version of the GMVPL in December 2000." Opp. 21. This is untrue. In *Bensky,* for instance, Judge Subramanian held the 2022 Amendment does not have retroactive effect and could not be applied to allegations that took place "between January 1, 1995, and August 10, 2019." 2024 WL 3676819, at *1. Moreover, Plaintiff's manufactured distinction is immaterial because the ***reasons*** for denying retroactive application of the 2022 Amendment apply with the same force to events at any point prior to 2022: "[I]f given retroactive application, [the 2022 Amendments] would open non-perpetrators to potential liability where the original GMV[P]L had not done so . . . to overcome the negative presumption, plaintiffs must demonstrate a clear expression that the City Council intended the law to operate in this manner. Yet they have failed to show that the City Council even considered this additional burden on non-perpetrator entities in deciding whether to apply the amended GMV[P]L retroactively." *Stein*, 2024 N.Y. Misc. LEXIS 13787, at *8–9.

[5] Other cases Plaintiff cites are also easily distinguishable because they also rely on multiple, overlapping, and mutually reenforcing indications of intent to find retroactivity, unlike the bare and isolated statements Plaintiff relies on here. *Matter of Mia S.* concerned

3

(refusing to apply the GMVPL retroactively given the absence of "anything approaching the required expression of clear legislative intent").

***Third***, as Citi demonstrated in its Opening Brief, the case law uniformly rejecting retroactive application of the GMVPL is in accord with guidance from the New York Court of Appeals on when to give an amendment or law retroactive effect. *See* Citi Br. § II.b.ii. This well-established case law makes clear that "the Legislature's preference for retroactivity [must be] explicitly stated or clearly indicated." *In re Gleason (Michael Vee, Ltd.)*, 96 N.Y.2d 117, 122 (N.Y. 2001).[6] As shown in Citi's Opening Brief (at 13, 15–17), here, there are no such clear indications: the language of the GMVPL and 2022 Amendment are silent as to retroactivity ***and*** the purported evidence of legislative intent put forward by Plaintiff is thin and unsupported by case law.

---

an amendment making the consumption of cannabis insufficient to show child neglect. 212 A.D.3d 17, 21 (N.Y. App. Div. 2d Dep't 2022). The court recognized the presumption against retroactivity but found the amendment *relieved* individuals of duties, ***and*** the amendment had a statement of legislative intent ***and*** took effect immediately. In *Duell* v. *Condon*, the Court of Appeals recognized that an amendment was retroactive based on legislative history, ***as well as*** the statute's remedial nature, ***and*** its explicit language ***and*** evidence of floor statements of opponents criticizing its retroactive effect. 84 N.Y.2d 773, 783–84 (N.Y. 1995).

[6]     Plaintiff also erroneously claims the GMVPL is remedial, Opp. 24, and such statutes are more likely to be given retroactive effect. A statute is remedial where it does not "enlarge[] nor impair[]" substantive rights. *McGee* v. *Int'l Life Ins. Co.*, 355 U.S. 220, 224 (1957). The GMVPL plainly is not remedial as it created new rights and causes of action. *See* N.Y.C. Local L. 2000/073, § 8-902 (stating that "this Council finds that victims of gender-motivated violence ***should have*** a private right of action . . . . This private right of action aims to resolve the difficulty that victims face . . . by ***providing an officially sanctioned and legitimate cause of action***" (emphasis added)). Accordingly, the presumption against retroactivity applies. *Gleason*, 96 N.Y.2d at 122 ("Amendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated. However, remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose." (citation omitted)); Citi Br. 14 & n.11.

4

Specifically—despite the total lack of support in the language of the 2022 Amendment—Plaintiff claims that there is clear legislative intent to apply the 2022 Amendment retroactively based on (i) a report by the City Council's Committee on Women and Gender Equality and a public summary stating the 2022 Amendment was intended to "clarify" the GMVPL, and (ii) the Council's "urgency in making the [2022] Amendment effective immediately." Opp. 18, 20, 22–23.  Neither supports Plaintiff's claim.

*On (i)*, Plaintiff offers no evidence that the boilerplate "clarify" statement was endorsed by the members of the City Council, as it does not appear in the 2022 Amendment itself, vastly reducing its probative value.[7] Citi Br. 15; *see, e.g.*, *Hernandez* v. *Barrios-Paoli*, 93 N.Y.2d 781, 788–89 (N.Y. 1999) (cited Opp. 20) (looking to committee report for evidence of "the purpose of the statute as it is embodied in the words chosen by the Legislature" and avoiding "delv[ing] into the minds of legislators" (quotations and citation omitted)).[8]

---

[7]    Plaintiff cites the use of the word "clarify" in the "Plain Language Summary of Int. No. 2372-B, dated November 30, 2021," Opp. 20 n.24 & 21 n.27, but the summary states it "is for informational purposes only and does not substitute for legal counsel," and provides no evidence that it reflects the views of the bill sponsors or members of the City Council.

[8]    Plaintiff's other cases on this point also rely on far more evidence of legislative history than Plaintiff scrapes together here. *Gleason*, 96 N.Y.2d at 121–22 (bill sponsor's memorandum considered in conjunction with governor's veto message and rapid legislative timeline following a disapproved-of Court of Appeals decision); *People* v. *Dyshawn B.*, 152 N.Y.S.3d 131, 133 (N.Y. App. Div. 2d Dep't 2021) (sponsor memo was considered in conjunction with conclusion amendment was remedial, indications of purpose of the law and urgency of legislative action taken); *Morse* v. *Fidessa Corp.*, 84 N.Y.S.3d 50, 64–67 (N.Y. App. Div. 1st Dep't 2018) (intended "enhanced liberal construction" for NYCHRL was illustrated by case citations in committee report); *Spiegel* v. *226 Realty LLC*, 2024 WL 4486892, at *1 (N.Y. App. Div. 1st Dept. Oct. 15, 2024) (stating without analysis "legislative history makes clear" the purpose of the amendment).

5

***On (ii)***, for two decades after its 2000 enactment, courts consistently declined to find entity liability under the GMVPL, a widely held interpretation of the statute of which the Council was surely aware. *See, e.g.*, *Gottwald* v. *Sebert*, 2016 WL 1365969, at *9 (N.Y. Sup. Ct. N.Y. Cnty. Apr. 6, 2016). The fact that the Council felt no urgency for six years after *Gottwald* to amend the GMVPL only further undermines Plaintiff's argument. *Cf. Gleason*, 96 N.Y.2d at 122–23 (legislation should be applied retroactively, as the Legislature "conveyed a sense of immediacy," ***and*** "acted swiftly" after a Court of Appeals decision ***and*** "directed that the amendment was to take effect immediately" ***and*** "the purpose of the amendment was to clarify what the law was always meant to do and say.").[9] Plaintiff claims Citi "urges the Court to view in isolation each aspect of the Amendment's legislative history," Opp. 22, but, taken together, strong and overlapping evidence of legislative intent for retroactive application of the GMVPL is lacking.

In keeping with the weight of authority, the Court should decline to apply the 2022 Amendment retroactively and dismiss Plaintiff's GMVPL claim with prejudice. Plaintiff has provided no basis for the Court to be an outlier on this issue.

## II. Plaintiff's Title VII Claim Premised on the 2007 Allegations Is Time-Barred and Fails to Plead a Legally Cognizable Injury

Citi demonstrated that the 2007 Allegations are not actionable under Title VII because they are untimely; Plaintiff's September 5, 2023 EEOC charge precludes any Title VII discrimination claim that accrued prior to November 9, 2022. Citi Br. 18–19. Plaintiff's reliance on the "heavily disfavored" continuing violation doctrine, in an effort

---

[9] Plaintiff errs in claiming that the look-back window re-opening the statute of limitations in the 2022 Amendment supports retroactive application of the Amendment's new forms of liability. Opp. 25. In the GMVPL context, this argument has been rejected: "[R]eviving a time-barred claim is not the same as making new substantive obligations retroactive." *Bensky,* 2024 WL 3676819, at *10.

to evade the statute of limitations for allegations which are nearly two decades old, should be rejected. *See* Citi Br. 19–20.

***First***, the 2007 Allegations' sexual assault is a quintessentially discrete act (which Plaintiff doesn't dispute), unrelated to the AC's other allegations, and the law is clear that the continuing violation doctrine does not apply to revive time-barred discrete acts, even under a hostile work environment theory.[10] *See* Citi. Br. 19–21; *Fitzgerald* v. *Henderson*, 251 F.3d 345, 364–65 (2d Cir.2001) (declining to apply the continuing violation doctrine to hostile acts outside the limitations period that were "qualitatively different" from those within it); *Roches-Bowman* v. *Mount Vernon*, 2022 WL 3648394, at *4 (S.D.N.Y. Aug. 24, 2022) (declining to apply continuing violation theory because "incidents that involve different perpetrators, actions, or targets, or are temporally distant from one another, may be insufficiently related" (cleaned up)).[11] Indeed, one of the cases Plaintiff cites *dismissed* a Title VII hostile work environment claim as time-barred because it was "insufficiently related to the earlier course of alleged harassment." *McGullam* v. *Cedar Graphics, Inc.*,

---

[10]   *See, e.g., Nat'l R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 114–15 (2002) (holding that discrete acts occurring outside the statute of limitations were time-barred and could not be part of hostile work environment claim); *Murillo-Roman* v. *Pension Bds.-United Church of Christ*, 2024 WL 246018, at *7 (S.D.N.Y. Jan. 23, 2024) ("[T]he continuing-violation doctrine does not apply in the hostile-environment context to discrete acts of discrimination.").

[11]   Plaintiff's reliance on *Klymn* v. *Monroe Cnty. Sup. Ct* is misplaced. Opp. 13. The alleged sexual assault at issue in *Klymn* was carried out by the ***same perpetrator*** who allegedly harassed the plaintiff ***within*** the statute of limitations. *See Klymn*, 641 F. Supp. 3d at 22. The *Klymn* court specifically recognized that a harassment claim based on a sexual assault that occurred outside of the applicable limitations period was time-barred because the plaintiff did not allege any further misconduct ***by the perpetrator***. *Id.* at 23 (citing *Roches-Bowman*, 2022 WL 3648394, at *4). By contrast, here, Plaintiff does not allege any misconduct by Evans after 2007.

7

609 F.3d 70, 72 (2d Cir. 2010); *see also Klymn*, 641 F. Supp. 3d at 23 (noting that "a sexual overture is a discrete act").

***Second***, Plaintiff cannot credibly dispute that the 2007 Allegations are ***both*** vastly different in degree and temporally distant from other allegations in the AC, and thus cannot support use of the continuing violation doctrine. While Plaintiff contends that undated allegations should be deemed to fill the six-year gap between the 2007 Allegations and the next dated allegation in 2013, Opp. 14–15, Plaintiff's undated allegations, "though embroidered with adjectives and adverbial phrases, are few and unlinked . . . [they] are not continuous in time with one another or with the timely acts that she has alleged." *Weeks* v. *New York State*, 273 F.3d 76, 83–84 (2d Cir. 2001) ("Absent unusual circumstances, a two-year gap is a discontinuity that defeats use of the continuing violation exception." (cleaned up)); *see also Ruiz* v. *New Avon LLC*, 2019 WL 4601847, at *15 (S.D.N.Y. Sep. 22, 2019) (three-year gap "precludes the application of the continuing violation doctrine"); *Williams* v. *Westchester Med. Ctr. Health Network*, 2022 WL 4485298, at *18 (S.D.N.Y. Sep. 27, 2022) (noting that the Second Circuit has "discounted an inference of causation [in retaliation cases] after three[-]month[ gaps]").[12]

---

[12] Plaintiff's remaining cases are readily distinguishable. In *EEOC* v. *Rotary Corp.*, 297 F. Supp. 2d 643 (N.D.N.Y. 2003), the undated allegations—which spanned no more than three years, *id.* at 649–51—all described conduct that the plaintiff had been directly and routinely subjected to, *id.* at 659. In contrast, the AC's allegations are comprised of isolated incidents scattered over a period of decades that Plaintiff does not even allege were directed at her. Citi Br. 4–5; *see, e.g.,* AC ¶¶ 51 ("women" and "a woman"), 54 ("male employees targeted women"), 98 ("a junior employee), 184 (a "female analyst"). In *Banks* v. *Gen. Motors, LLC*, 2020 WL 6827707 (W.D.N.Y. Nov. 20, 2020), the incident the court labeled as "alleged to have been continuing" was alleged to have happened "every day at work." *Banks* 2020 WL 6827707, at *13. And *Parrott* v. *Krasicky*, 2013 WL 3338570, at *4 n.5 (D. Conn. July 2, 2013) simply lays out the standard for a pervasive hostile work environment but says nothing of undated allegations.

8

***Third***, the allegations in the AC involve different alleged perpetrators and (in some cases) different victims and unrelated circumstances. While Plaintiff tries to draw a connection between the 2007 Allegations and later allegations, including her alleged abuse suffered at the hands of Singh ***over a decade later and beginning in 2017*** because they were allegedly reported to the same person, this is insufficient. The identity of the victims (and of the perpetrators) is relevant to whether the continuing violation doctrine applies. *See, e.g.*, *Roches-Bowman*, 2022 WL 3648394, at *4. The cases Plaintiff cites say nothing to the contrary. For example, in *King* v. *Aramark Servs.*, the "one individual [who] participated in misconduct," Opp. 16–17, was the ***only*** individual whom the plaintiff accused of harassment. 96 F.4th 546, 553–56 (2d Cir. 2024). And in *Herman* v. *City of N.Y.*, the court recognized that "a series of discrete but related acts of discrimination does not warrant application of the continuing violations doctrine," and individual "comments constitute discrete acts." 2023 WL 6386887, at *5 (S.D.N.Y. Sept. 29, 2023) (internal quotations omitted).[13]

***Finally***, the Opposition's claim that Citi fails to "show[] any intervening remedial act," Opp. 17, cannot be reconciled with the AC's own allegations. Plaintiff's cases

---

[13] Similarly, Plaintiff's reliance on *Best* v. *Bell*, 2014 WL 1316773 (S.D.N.Y. Mar. 28, 2014), a Section 1983 case, is inapposite. The court there found that the continuing violation doctrine applied despite breaks in defendants' misconduct because, unlike here, the plaintiff alleged that "*every time he was in custody*, his rights were violated in the same way." *Id.*, at *6 (emphasis in original). Plaintiff's other cases are entirely irrelevant. *See Sprint/United Mgmt. Co.* v. *Mendelsohn*, 552 U.S. 379, 380 (2008) (holding that testimony by nonparties alleging discrimination at the hands of supervisors who played no role in adverse employment decisions is "neither *per se* admissible nor *per se* inadmissible"); *Doe* v. *Univ. of Conn.*, 2013 WL 4504299, at *13 (D. Conn. Aug. 22, 2013) (refusing to rule on motion *in limine* as to whether witnesses could testify regarding their own experiences with alleged perpetrator because more information was required); *Crawford* v. *ExlService.com, LLC*, 2019 WL 6284228, at *1 (S.D.N.Y. Nov. 25, 2019) (ruling on motion *in limine*).

concern situations that "continue unremedied for so long as to amount to a discriminatory policy or practice." *King*, 96 F.4th at 559; *Collier* v. *Boymelgreen Devs.*, 2008 WL 835706, at *4 (E.D.N.Y. Mar. 28, 2008) (refusing to dismiss on continuing violation theory when harassment was carried out by ***the same perpetrator*** and continued unremedied). But the AC recounts instances of discipline meted out in response to alleged cases of abuse, harassment, and discrimination, as well as Citi's policies in place to prevent and respond to such acts. *See* Citi Br. 25 (collecting allegations in the AC of sexual harassment trainings and policies aimed at preventing sexual harassment, as well as an instance of discipline).[14]

For these reasons, the Court should dismiss Plaintiff's untimely Title VII claims premised on the 2007 Allegations.

---

[14] Plaintiff argues that Defendant's motion to partially dismiss the Title VII claim should not be granted because the NYSHRL and NYCHRL claims based on the 2007 Allegations would remain in the case. Opp. 1 n.2. However, dismissing the patently time-barred 2007 Allegations under Title VII would streamline the case as it would eliminate additional unnecessary briefing and arguments concerning Title VII's applicability to events that took place some 17 years ago and significantly narrow the scope of the only federal claim in this case. *See Jungels* v. *State Univ. Coll. of N.Y.*, 922 F. Supp. 779, 782 (W.D.N.Y. 1996) ("[I]n their motion to dismiss, the defendants raise a number of legal questions, the resolution of which will narrow the issues to be determined at trial. . . . [I]t would be helpful to resolve the questions raised by the defendants at this time, so that the issues to be determined at trial are more clearly defined."); *Port Auth. of N.Y. & N.J.* v. *Allied Corp.*, 914 F. Supp. 960, 962 (S.D.N.Y. 1995) (finding that "dismissal might narrow the issues for trial, and our trial jury should not be burdened by considering inapplicable and duplicative legal theories"). Plaintiff's implication that the Court need not assess whether Plaintiff's claims actually satisfy the applicable legal standard and survive a motion to dismiss should be rejected.

Dated: New York, New York
November 27, 2024

Respectfully submitted,

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP

By:    */s/ Liza Velazquez*
Susanna Buergel
Liza Velazquez
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
sbuergel@paulweiss.com
lvelazquez@paulweiss.com

Lina Dagnew
2001 K Street NW
Washington, DC 20006
202-223-7300
ldagnew@paulweiss.com

*Counsel to Defendant Citigroup Global Markets Inc.*