PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: (212) 373-3553
EMAIL: LVELAZQUEZ@PAULWEISS.COM

BEIJING           TOKYO
HONG KONG         TORONTO
LONDON            WASHINGTON, DC
LOS ANGELES       WILMINGTON
SAN FRANCISCO

March 4, 2025

**BY ELECTRONIC FILING AND EMAIL**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 435
New York, NY 10007

    Re:    *Lindsey* v. *Citigroup Global Markets Inc.*, No. 1:23-cv-10166 (S.D.N.Y.)
            Notice of Supplemental Authority

Dear Judge Carter:

    We represent Defendant Citigroup Global Markets Inc. ("Citi") in the above captioned matter. We submit this letter to respectfully bring to the Court's attention a recent and directly relevant supplemental authority in support of Citi's pending Partial Motion to Dismiss the Amended Complaint (ECF No. 19).

    Yesterday, in *Roldan* v. *Lewis, et al.*, 20-CV-03580 (HG) (MMH) (E.D.N.Y.), ECF No. 254 (Ex. 1), Judge Gonzalez held that the GMVPL's[1] 2022 Amendment could not be used to hold individuals liable for "enabling" an assault prior to the enactment of the amendment, Ex. 1 at 23-28, because there is no clear indication in the language of the 2022 Amendment to permit retroactive liability for the new cause of action of "enabling" a gender-motivated assault.

    Judge Gonzalez noted this outcome is in accord with the holdings in other GMVPL cases, including *Neiderhoffer* and *Adams*, Ex. 1 at 28, which Citi relied on in its motion. ECF No. 20 at 11-12. The court also found unconvincing Roldan's argument (echoed in Plaintiff's opposition, ECF No. 23 at 25), that the 2022 Amendment's reopening of the statute of limitations for *existing* claims also imposed retroactive liability for the *new* causes of action: "[T]he Amended GMVA's claim revival language not only fails to unequivocally convey the aim of reviving enabling claims, but by its own wording and structure, actually points in the opposite direction: claims that never existed cannot be revived." Ex. 1 at 27 (cleaned up).

    Citi respectfully submits Judge Gonzalez's decision to the Court in further support of its Motion to Partially Dismiss the Amended Complaint.

---

[1]    Capitalized terms used but not defined herein are used as defined in ECF No. 20, Defendant Citi's Memorandum of Law in Support of Its Partial Motion to Dismiss the Amended Complaint.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

Respectfully submitted,

*/s/ Liza Velazquez*
Susanna Buergel
Liza Velazquez
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
sbuergel@paulweiss.com
lvelazquez@paulweiss.com

Lina Dagnew
2001 K Street NW
Washington, DC 20006
202-223-7300
ldagnew@paulweiss.com

*Counsel to Defendant Citigroup Global Markets Inc.*

cc: Counsel of Record (by electronic filing)