PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

BEIJING
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO

TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

DIRECT DIAL: (212) 373-3553
EMAIL: LVELAZQUEZ@PAULWEISS.COM

June 4, 2025

**BY ELECTRONIC FILING AND EMAIL**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 435
New York, NY 10007

      Re:    *Lindsey* v. *Citigroup Global Markets Inc.*, No. 1:23-cv-10166 (S.D.N.Y.)
             Notice of Recent Binding Authority

Dear Judge Carter:

      On behalf of Defendant Citigroup Global Markets Inc. ("Citi"), we submit this letter to respectfully bring to the Court's attention recent controlling authority in support of Citi's pending Partial Motion to Dismiss the Amended Complaint (ECF No. 19).

      Yesterday, in *S.S.* v. *Rockefeller Univ. Hosp.*, -- N.Y.S.3d ----, 2025 WL 1559583 (N.Y. App. Div. 1st Dep't June 3, 2025) (Ex. 1), a panel of the First Department of the Appellate Division of the New York Supreme Court unanimously held that the GMVPL[1] and the 2022 Amendment's "Abettor Provision" do not apply retroactively. *Id.* at *1-2. Accordingly, the Appellate Division affirmed the New York Supreme Court's dismissal of claims under the GMVPL against a hospital for alleged sexual abuse by a doctor which took place between 1966 and 1982. *Id.*[2]

      As the Appellate Division observed, "there was no clear expression of the City Council sufficient to show that the legislature contemplated the retroactive impact on substantive rights and intended [the] extraordinary result" of applying the GMVPL retroactively. *Id.* at *1 (quotations and citation omitted). Further, the Court found that the entity liability enacted by the 2022 Amendment does not apply retroactively, stating that "the presumption against retroactivity applies . . . [and] the Abettor Provision does not contain any text reflecting an intention to have retroactive effect." *Id.* at *2.

---

[1] Capitalized terms used but not defined herein are used as defined in ECF No. 20, Defendant Citi's Memorandum of Law in Support of Its Partial Motion to Dismiss the Amended Complaint (the "Citi MTD").

[2] Citi relied on the New York Supreme Court ruling affirmed by this decision. *See* Citi MTD at 11-13, 18; Citi's Reply Memorandum of Law in Support of Its Partial Motion to Dismiss the Amended Complaint (ECF No. 24) at 3 (same).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

This decision precludes[3] Plaintiff's GMVPL claims in this action, which rely on the retroactive application of the 2022 Amendment's entity liability provision to Citi for events that took place prior to its enactment. *See* Citi MTD at 10-11; *S.S.*, 2025 WL 1559583, at *2 ("As neither the original [GMVPL] nor the 2022 amendment apply retroactively, plaintiffs' asserted claims cannot be 'brought under' the [GMVPL] (*see* Administrative Code § 10-1105). The court properly determined that the Revival Provision does not revive plaintiffs' [GMVPL] claims.").

Respectfully submitted,

*/s/ Liza Velazquez*
Susanna Buergel
Liza Velazquez
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
sbuergel@paulweiss.com
lvelazquez@paulweiss.com

Lina Dagnew
2001 K Street NW
Washington, DC 20006
202-223-7300
ldagnew@paulweiss.com

*Counsel to Defendant Citigroup Global Markets Inc.*

cc: Counsel of Record (by electronic filing)

---

[3]   *See, e.g.*, *Pahuta* v. *Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999) ("We are bound, as was the district court, to apply the law as interpreted by New York's intermediate appellate courts . . . unless we find persuasive evidence that the New York Court of Appeals, which has not ruled on this issue, would reach a different conclusion.").