UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| ARDITH LINDSEY,<br><br>　　　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC.,<br><br>　　　　　　　　　　　　*Defendant*. | No. 1:23-cv-10166 (ALC)(SN) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

　　　　WHEREAS, the parties to this Action (collectively, the "Parties" and each individually, a "Party"), having met and conferred in good faith, request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic, personal and sensitive, and/or competitively sensitive information that they may need to disclose in connection with discovery in the above captioned action (the "Action");

　　　　WHEREAS, the Parties agree to be bound by the terms of this proposed stipulated protective order as of October 3, 2025 so as to facilitate voluntary exchange of discovery requests and responses;

　　　　WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored protective order governing the pretrial phases of this Action;

　　　　IT IS HEREBY ORDERED that the Parties to this Action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this Action, including expert reports) that a Party or person (including non-parties) has produced in this Action and designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2.      A Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate to the Party (or Parties) receiving the Discovery Material (each, "Receiving Party") as "Confidential" only such material that it reasonably and in good faith believes consists of:

(a)     confidential, proprietary, financial, customer, client or commercial information or data, or nonpublic research or business development;

(b)     non-public material relating to ownership or control of any non-public company;

(c)     non-public business plans, trading and investment strategies, data or financial information (including, without limitation, profit and loss reports or estimates, trading positions, transactional data, liquidity reports, bank exposure data, materials related to fees received for services provided, bank and brokerage account information, product-development information, or marketing plans);

(d)     any information kept confidential or the use or disclosure of which is restricted pursuant to any domestic or foreign law, regulation, or court order, including but not limited to any applicable data privacy laws;

(e) absent written waiver by Plaintiff, information of a personal, sensitive or intimate nature regarding Plaintiff, including, but not limited to, Plaintiff's Citi personnel, disciplinary, leave, or recruiting records, Plaintiff's medical records, and personal bank or credit card statements and personal phone records; or

(f) any other category of information of similar type and sensitivity, or that is given confidential status by the Parties or the Court, including information like the materials identified in 2(e) but regarding individuals other than Plaintiff.

3. A Producing Party may designate Discovery Material as "Attorneys' Eyes Only" if the Producing Party in good faith reasonably believes that the Discovery Material contains highly sensitive, or highly confidential or sensitive proprietary or commercial non-public information that is of such a nature that risk of competitive injury or other injury would be created if such Discovery Material was seen by others and therefore requires the highest level of protection provided in this Protective Order. The Producing Party shall bear the burden of proof to justify its requested "Attorneys Eyes Only" designation pursuant to this Order. For purposes of this Protective Order, Attorneys' Eyes Only Information shall include non-public materials containing information related to:

(a) trade secrets or commercially sensitive business information that the party reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the producing party or its personnel, clients, or customers;

(b) medical-, health-, disability-, or insurance-related information

3

regarding any individual other than Plaintiff;

(c) information to which applicable law—foreign or domestic—requires the equivalent of Highly Confidential treatment, including but not limited to any applicable data protection and/or privacy laws and/or undisclosed financial information of a third party;[1] or

(d) any other category of information of similar type and sensitivity, or that is given confidential status by agreement of the Parties or, upon application, by order of the Court.

4. For any designation made pursuant to Paragraphs 2 or 3 of this Order, the Producing Party shall make individualized determination for any document or transcript that such designation is appropriate. "Mass" or non-individualized designation of documents pursuant to this order is prohibited.

5. With respect to the Confidential or Attorneys' Eyes Only Discovery Material, other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such material as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected material in a manner that will not interfere with legibility or audibility.

---

[1] Examples of such laws potentially include, but are not limited to: the English law of confidence (created by the courts rather than by statute, and including its equivalents in other common law legal systems); laws implementing Regulation (EU) 2016/679, the General Data Protection Regulation (including but not limited to the Data Protection Act 2018 (c. 12) (United Kingdom personal information)); French Bank Secrecy Statute (Article L.511-33 of the French Monetary and Financial Code); the French Information Technology, Data Files and Civil Liberties Act (Law no. 78-17 dated 6 January 1978) as amended by Act No. 2018-493 dated 20 June 2018 on Personal Data Protection; French Law No. 68-678 of July 26, 1968 relating to the Communication of Economic, Commercial, Industrial, Financial or Technical Documents and Information to Foreign Individuals or Legal Entities, as modified by Law No. 80-538 of July 16, 1980 (the "French Channeling Statute"); the Japanese law of customer confidentiality (also created by the courts); Section 47 (and related provisions) of the Banking Act (Cap. 19) of Singapore; the Swiss Federal Act on Banks and Savings Banks 1934; Articles 162, 271, and 273 of the Swiss Criminal Code; Article 328b of the Swiss Code of Obligations; the Swiss Federal Act on Data Protection of June 19, 1992, and related ordinances and regulation, in each case as amended.

6.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as such; or (b) notifying the reporter and all counsel of record, in writing, within five (5) business days after a transcript has been provided to the parties, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.   During the 5-business-day period following provision of the deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Attorneys' Eyes Only.

7.      If at any time before the termination of this Action a Producing Party realizes that it should have designated as Confidential or Attorneys' Eyes Only some Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.   Thereafter, all persons subject to this Order will treat such designated Discovery Material as Confidential  or Attorneys' Eyes Only.   In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two business days of providing such notice.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons (and subject to paragraph 9):

(a) the Parties to this Action but, as to Citi employees, only when necessary for the purposes of defending this litigation;

(b) the Parties' respective insurers, and counsel to their insurers;

(c) the Parties' outside counsel retained specifically for this Action and in-house counsel at Citi, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter, provided such counsel has been provided with a copy of this Order;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hires and assigns to this matter;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action;

(h) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action;

(i) stenographers engaged to transcribe depositions the Parties conduct in this Action; and

(j) this Court, including any appellate court, its support personnel, and court reporters.

9. Where a Producing Party has designated Discovery Material as "Attorneys' Eyes Only," other persons subject to this Order may disclose, summarize, or otherwise make available such information, including any information derived from any documents or other materials so designated, only to persons described in subparagraphs 8(c), 8(d), 8(e), 8(f), 8(h), 8(i) and 8(j), as well as to the in-house legal team at Citi, in accordance with the limitations therein.

10. Before disclosing any Discovery Material designated as Confidential or Attorneys' Eyes Only Information to any person permitted to see the information as outlined herein, except as to those persons referenced in Paragraphs 8(c), 8(d), 8(i) and 8(j), counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. This Order binds the Parties and certain others to treat as Confidential or Attorneys' Eyes Only any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Attorneys' Eyes Only hereunder. Nothing in this Order precludes the Parties' ability to seek an order and/or relief from the Court pursuant to the

Federal Rules (including Fed. R. Civ. P. 26), the Court's Individual Rules of Practice in Civil Cases, Magistrate Judge Netburn's Individual Practices in Civil Cases, and/or as otherwise ordered by the Court.

12. In filing Confidential or Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Attorneys' Eyes Only Discovery Material, the Parties shall file such papers in accordance with paragraph 6(C) of the Court's Individual Rules of Practice in Civil Cases or section III(F) of Magistrate Judge Netburn's Individual Practices in Civil Cases, or as ordered by the Court.

13. Any Party who objects to any designation of Discovery Material pursuant to this Order may at any time before the trial of this Action serve upon counsel for the Producing Party a written notice stating in sufficient detail the grounds of the objection. If the Parties and/or non-parties cannot reach agreement promptly, counsel for all affected Parties and/or non-parties will address their dispute to this Court in accordance with the Federal Rules of Civil Procedure and/or the presiding judge or magistrate judge's individual rules. Pending the resolution of any challenge submitted to the Court, the Receiving Party shall refrain from distributing the Discovery Material until the designation of such information is agreed upon by the Parties or resolved by the Court. The Producing Party at all times shall bear the burden of proof to justify any designation pursuant to this Order.

14. Recipients of Confidential or Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this Action and any appeals thereto and shall not disclose, summarize, publish, communicate or transmit in whole or in part any such material to any other person or party, either directly

or indirectly, including but not limited to, (a) for any other purpose or in any other proceeding, including, but not limited to, *O'Connor* v. *Citigroup Global Markets Inc., et al.*, Index No. 158198/2024 (N.Y. Sup. Ct.); or (b) for use by counsel to a Party for the benefit of a non-party. The Parties agree that violation of this Order shall result in irreparable harm to the Party not in violation for which there is no adequate remedy at law. Each Party shall be entitled to seek injunctive relief to enforce the terms hereof. In addition, the Parties expressly acknowledge that the Court may, in its discretion, award such other and further relief as the Court may deem appropriate.

15. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action. Furthermore, the restrictions set forth herein shall not apply to information that: was, is, or becomes publicly accessible not in violation of this Order; was lawfully obtained, possessed, and/or discovered prior to this Order; and/or was, is or will be lawfully obtained, possessed, and/or discovered based on a source other than the Producing Party.

16. Nothing in this Order will prevent any Party from producing any Confidential or Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least five (5) business days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

9

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

17. Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. If a Producing Party inadvertently discloses information that is subject to a claim of attorney-client privilege, attorney work product, or similar privilege or protection ("Privileged Disclosure"), such disclosure shall not constitute or be deemed a waiver or other forfeiture of any claim of privilege or attorney work product protection that the Producing Party would otherwise be entitled to assert with respect to either the disclosed information or its subject matter, provided that the Producing Party upon learning of the Privileged Disclosure promptly notifies the Receiving Party in writing of such Privileged Disclosure. Upon receiving written notice of a Privileged Disclosure, the Receiving Party shall treat the information as privileged, refrain from any further examination or disclosure of the Privileged Disclosure, make all reasonable efforts to gather any copies, notes, summaries, and/or extracts of the Privileged Disclosure made or distributed, and shall promptly return or destroy all copies of the Privileged Disclosure to the Producing Party. Receiving Party shall also promptly certify to Producing Party in writing that it has made reasonable efforts to destroy any and all notes or summaries referring or relating to the contents of the Privileged Disclosure, including any notes or summaries distributed. After receiving such certification or production of a party's initial privilege log, whichever happens last, the Producing Party will promptly provide a written privilege log in connection with the purportedly privilege disclosures. Nothing herein shall prevent the Receiving Party from challenging the propriety of the privileged designation by submitting a challenge to the Court except that the Receiving Party shall not assert as a ground for entering such an Order the fact

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

or circumstances of the inadvertent production. The Producing Party retains the burden of establishing the privileged or protected nature of the purportedly Privileged Disclosure. Pending the resolution of any challenge submitted to the Court, the Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information until the discoverability of such information is agreed upon by the Parties or resolved by the Court.

19. If a Receiving Party becomes aware that it is in receipt of information or materials which it knows, or reasonably should know is or should be, (i) subject to any claim of privilege or attorney work product protection, and (ii) was not produced pursuant to a court order, the Receiving Party shall immediately take reasonable steps to: (a) refrain from any further examination or disclosure of such document; and (b) provide reasonably prompt written notice to the Producing Party that such document appears to be privileged. Upon receiving a written notice, the Producing Party shall provide a reasonably prompt written response indicating whether the document in question is privileged. Upon confirmation that a document is privileged, the Receiving Party shall take all steps to return or destroy the document as set forth in paragraph 18 above.

20. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection, including the attorney-client privilege, the attorney work product privilege, or any other privilege or immunity; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

21. Within sixty (60) days of the final disposition of this Action—including all appeals—all recipients of Confidential or Attorneys' Eyes Only Discovery Material must either return it—including all copies thereof—to the Producing Party, or

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

destroy such material, including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential or Attorneys' Eyes Only Discovery Material remain subject to this Order.

22. This Order will survive the termination of the Action and will continue to be binding upon all persons subject to this Order to whom Confidential or Attorneys' Eyes Only Discovery Material is produced or disclosed.

23. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

Dated: October 3, 2025

| | |
|---|---|
| VLADECK, RASKIN & CLARK, P.C. | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| By: _/s/_<br>Jeremiah Iadevaia<br>Debra Raskin<br>Emily Bass<br>111 Broadway, Suite 1505<br>New York, New York 10006<br>(212) 403-7300<br>jiadevaia@vladeck.com | By: _/s/_<br>Susanna Buergel<br>Liza Velazquez<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>(212) 373-3000<br>sbuergel@paulweiss.com<br>lvelazquez@paulweiss.com<br><br>Lina Dagnew<br>2001 K Street NW,<br>Washington DC 20006<br>(202) 223-7300<br>ldagnew@paulweiss.com |
| *Counsel to Plaintiff Ardith Lindsey* | *Counsel to Defendant Citigroup Global Markets Inc.* |

SO ORDERED.

Dated:

New York, New York

ANDREW L. CARTER, JR.
United States District Judge

13

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

Exhibit A
to Stipulated
Protective Order

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

ARDITH LINDSEY,

      *Plaintiff*,

v.

CITIGROUP GLOBAL MARKETS, INC.,

      *Defendant*.

No. 1:23-cv-10166 (ALC)

I, _____, acknowledge that I have read and understand the Protective Order in this Action governing the non-disclosure of Discovery Material that has been designated as Confidential or Attorneys' Eyes Only Information. I agree that I will not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

             _____
             Name:
             Date: