**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ARDITH LINDSEY,

Plaintiff,

- against -

CITIGROUP GLOBAL MARKETS INC.,

Defendant.

Index No. 1:23-cv-10166
(ALC)(SN)

---

## CITIGROUP GLOBAL MARKETS INC.'S
## ANSWER TO THE AMENDED COMPLAINT

Defendant Citigroup Global Markets Inc. ("Citi" or "Defendant"), by and through its undersigned counsel, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, provides the following answer to the Amended Complaint filed by Plaintiff Ardith Lindsey ("Plaintiff" or "Lindsey") (ECF No. 12) (the "Amended Complaint").

Because the Court has already dismissed the pre-2022 allegations brought under the Gender-Motivated Violence Protection Law ("GMVPL") (Plaintiff's Sixth Cause of Action in the Amended Complaint), Opinion and Order on Motion to Dismiss (ECF No. 40), and because Defendant has no obligation to respond to allegations to the extent they relate to these dismissed claims, all responses contained herein pertain only to the Amended Complaint's allegations that remain and are relevant to Plaintiff's remaining claims.

## PRELIMINARY STATEMENT

At the outset, and without qualification, Citi states that it is committed to ensuring a safe and equitable workplace, and unequivocally rejects discrimination, harassment, retaliation or intimidation of any kind. Citi has invested in robust steps to foster a safe and inclusive workplace, including through the establishment of a centralized Ethics Office to

1

receive and investigate complaints. When made aware of allegations of harassment or discrimination by or against its employees, Citi takes action, including by conducting an investigation and taking appropriate disciplinary measures.

This complaint, however, involves allegations of abuse and discrimination that *Citi was never aware of*, and that Plaintiff never brought to Citi's attention, despite her ability and responsibility to do so. Indeed, *Plaintiff purposefully concealed* many of the allegations in the Amended Complaint from Citi. Most significantly, Plaintiff claims that she was subjected to deplorable harassment and threats during her years-long romantic relationship with Manvinder Bhathal (known as Mani Singh), a—now former—Citi employee. But, despite Citi's policies that expressly required employees to report romantic relationships within their reporting chain, which would have included Plaintiff's relationship with Singh, Plaintiff never reported, and indeed took active steps to conceal, their relationship.

In fact, in 2018, Citi's internal systems detected unusual money transfers between Singh and Plaintiff. Citi conducted an investigation and discovered that Singh had loaned Plaintiff $220,000, by transferring money to Plaintiff's mother. Citi also learned that Plaintiff intended to represent that money as a "gift" from her mother, rather than a loan from Singh, on a mortgage application. During the ensuing investigation, Citi interviewed both Plaintiff and Singh and specifically asked them about the nature of their relationship. Plaintiff denied being in any romantic relationship with Singh, and stated only that Singh was her "good friend." Singh similarly denied being in a romantic relationship with Plaintiff. Plaintiff did not report any concerns regarding Singh at that or any other time prior to November 10, 2022.

In compliance with its reporting requirements,[1] Citi reported the improper loan and mortgage application and Plaintiff's and Singh's resulting discipline to the Financial Industry Regulatory Authority ("FINRA").  In 2020, FINRA initiated a Cause Exam Request and requested additional information on the issue, including from Plaintiff.  Even in her statement to FINRA—in which Plaintiff was obligated to respond "truthful[ly]" and "complete[ly]"—Plaintiff *again* described Singh only as a "colleague and friend of many years"[2] and raised no concerns at all with his behavior.  Due to *Plaintiff's* concealment, Citi was not aware of the nature of her relationship with Singh until she reported her concerns for the first time in November 2022.

The first time Plaintiff raised any concerns related to Singh was on November 10, 2022, when Plaintiff emailed Citi to report that Singh had been calling her and sending her inappropriate text messages.  Within two hours of Plaintiff's email, Citi launched an investigation, suspended Singh, and revoked his access to Citi's premises.  As part of its investigation, Citi interviewed Plaintiff on November 14, 2022,[3] which is when—for the first time—Plaintiff revealed that she had been in what she described as a personal and consensual romantic relationship with Singh since 2017, that she later came to believe was abusive.  This was the first time Plaintiff (or anyone) reported Plaintiff's relationship with Singh to Citi.  As Plaintiff disclosed during her interview with Citi, she did not report her romantic relationship with Singh to Citi because she did not view it as an issue.  Singh was also interviewed that same day and continued to deny any romantic relationship.  Singh

---

[1] *See* FINRA Rule 4530.

[2] Under FINRA Rule 6150, Plaintiff was obligated to respond to FINRA's requests for information in a "timely, truthful and complete manner."

[3] Citi sought to interview Plaintiff immediately following her report, but conducted the interview on November 14, 2022, at Plaintiff's request.

resigned the next day while Citi's investigation was ongoing, and did not receive significant compensation to which he was otherwise entitled.[4]

Citi does not condone abuse, harassment, or discrimination of any kind and expressly denies any allegations to the contrary. However, Citi cannot address allegations of which it is not aware and Citi could not have reasonably known about a relationship which Plaintiff expressly denied. It is also not the case that Plaintiff and Singh's relationship was a "known secret" at Citi or among Plaintiff's colleagues. Indeed, during her November 14, 2022 interview with Citi, Plaintiff stated that she did not suspect that anyone at work knew about her relationship with Singh. Likewise, many current and former Citi employees—including those close to Plaintiff and Singh—expressed shock and betrayal when they learned of their relationship through this lawsuit.

Like the allegations related to her relationship with Singh, Plaintiff similarly never reported to Citi any of the other allegations she now raises in her Amended Complaint— many of which concern alleged comments and actions that she did not witness and that are, apparently, recitations of stories Singh told her over the course of their relationship. Plaintiff, a Managing Director, had the ability and responsibility to report any alleged incidents of abuse, harassment and discrimination to Citi at the time. She did not.

Citi has taken significant steps—including implementing a dedicated Ethics Office and confidential reporting hotline in 2019—to ensure that employees have multiple avenues for reporting concerns and that any issues raised are investigated in a confidential and professional manner. Had Plaintiff (or anyone else) raised these issues to Citi through established procedures, Citi would have taken immediate action, as it did in November

---

[4] Plaintiff has been on leave since November 10, 2022, at Plaintiff's request.

2022, when it immediately suspended and investigated Singh. But, while working for Citi, Plaintiff did not raise any concerns of inappropriate conduct related to Singh or anyone else, and indeed, actively concealed her relationship with Singh from Citi and a regulator. Citi cannot investigate and address alleged incidents that were never brought to its attention. Plaintiff's failure to report—coupled with her affirmative concealment—underscores that her claims against Citi lack a factual basis.

## ANSWER TO THE SPECIFIC ALLEGATIONS IN THE AMENDED COMPLAINT

Defendant denies each and every allegation contained in the Amended Complaint, including those in headings, introductory quotations, and unnumbered Paragraphs, except as specifically admitted in this Answer, and then only as to the facts specifically admitted and not as to any conclusion, characterization, implication, innuendo, or speculation contained in any allegation or in the Amended Complaint as a whole. When a document (or statements, conclusions, or other material references therefrom) is referenced in this Answer or the Amended Complaint, it speaks for itself and Citi denies any allegations or characterizations based on the document. Citi reserves all rights with regard to the existence, authenticity, accuracy, and admissibility of such documents.

All responses herein are based on Defendant's current knowledge, as of the date of filing this Answer, and Defendant reserves the right to supplement or amend its responses based on new information.

The Preliminary Statement and limitations and objections above are incorporated, to the extent applicable, into each numbered Paragraph of this Answer.  In response to the numbered Paragraphs of the Complaint, Defendant states as follows:

1.    Citi denies each and every allegation in paragraph 1 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "MD" as alleged, and that Plaintiff has worked at Citi in the Global Equities Markets division since October 3, 2007, and received promotions, including being promoted to Managing Director in 2021.

2.    Citi denies each and every allegation in paragraph 2 of the Amended Complaint, except admits that on November 20, 2023, Plaintiff filed this lawsuit, and states that to the extent Plaintiff purports to characterize a November 29, 2023 New York Times article and a March 23, 2024 Bloomberg article, no response is required, and respectfully refers the Court to the full text of those articles for their contents.

3.    Citi denies each and every allegation in paragraph 3 of the Amended Complaint, except admits that Plaintiff has worked in Citi's Equities division since October 3, 2007.

4.    Citi denies each and every allegation in paragraph 4 of the Amended Complaint.

5.    Citi denies each and every allegation in paragraph 5 of the Amended Complaint, except admits that certain of Citi's employees are subject to arbitration agreements with Citi, and states that to the extent Plaintiff purports to characterize the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, no response is required, and respectfully refers the Court to the full text of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act for its contents.

6.      Citi denies each and every allegation in paragraph 6 of the Amended Complaint, except admits that Plaintiff purports to use the defined terms "Keegan" and "CEO" as alleged, and that Keegan held the listed positions at Citi, and lacks knowledge or information sufficient to form a belief about an unreported assault alleged to have occurred outside working hours and off Citi's premises.

7.      Citi denies each and every allegation in paragraph 7 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "Singh" as alleged, and that on November 10, 2022, Plaintiff informed Citi that Singh had been sending her harassing text messages, and that on November 14, 2022, Plaintiff—having previously denied a romantic relationship with Singh—first disclosed that she and Singh had been involved in a romantic relationship since 2017, which she characterized as personal and consensual. Citi further admits that Singh's legal name is Manvinder Bhathal, that he was employed by Citi as a Managing Director until November 2022, that he was a senior employee in Equities, and that Singh became Plaintiff's indirect matrix manager on or about April 2020, when Singh and Plaintiff's relationship was undisclosed. Citi further states that Plaintiff purports to characterize and quote from text messages and phone calls made by Singh to Plaintiff and respectfully refers the Court to the full text of those messages and/or call records for their contents.

8.      Citi denies each and every allegation in paragraph 8 of the Amended Complaint, except admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, that the conduct was immediately investigated by Citi Security and Investigative Services ("CSIS"), including by an investigator who is a former

District Attorney, that Singh resigned within five days of Plaintiff first making her report and before Citi's investigation was complete, that Gately announced Singh's resignation on a call with certain Equities employees, and that Plaintiff purports to use the defined term "Belbachir" as alleged, and lacks knowledge or information sufficient to form a belief about whether Citi's investigator characterized Singh's text messages as "criminal." Citi further states that to the extent paragraph 8 purports to characterize and quote from a conference call among Gately and certain Citi Equities employees, no response is required, and respectfully refers the Court to the audio recording of the call for its contents.

9.     Citi denies each and every allegation in paragraph 9 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "FINRA" as alleged, and that in May of 2023, Keegan, who was no longer at Citi, met with Plaintiff at her request, during which she admitted that she had lied to him and Citi for years about her relationship with Singh, and Keegan inquired whether she intended to proceed confidentially through arbitration. Citi also states that it offered to support Lindsey if she wanted to file an order of protection against Singh. Citi further states that to the extent paragraph 9 states a legal conclusion regarding Citi's obligations under FINRA rules, no response is required, and respectfully refers the Court to the full text of those rules for their contents. To the extent a response is required, Citi incorporates its response to paragraph 176 by reference. To the extent Plaintiff purports to characterize the FINRA Form U5 submitted by Citi for Singh, Citi respectfully refers the Court to the full text of that form for its contents.

10.     Citi denies each and every allegation in paragraph 10 of the Amended Complaint, except admits that Plaintiff's performance rating for 2022 was a "2, 2" and that

Plaintiff's direct supervisor at the time did not behave in an inappropriate manner, and lacks knowledge or information sufficient to form a belief about what Plaintiff's direct supervisor purportedly told her in November 2022.

11. Citi denies each and every allegation in paragraph 11 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief regarding Plaintiff's medical diagnoses, and admits that Plaintiff is currently on a leave of absence from Citi.

12. Paragraph 12 of the Amended Complaint purports to characterize the nature of Plaintiff's claims or states a legal conclusion to which no response is required. To the extent a response is required, Citi denies each and every allegation in paragraph 12 of the Amended Complaint, except admits that Plaintiff purports to use the defined terms "Title VII," "NYSHRL" and "NYCHRL" as alleged, and that Plaintiff purports to bring the claims referenced therein.

13. Paragraph 13 of the Amended Complaint purports to characterize the nature of Plaintiff's claims or states a legal conclusion to which no response is required. To the extent a response is required, Citi denies each and every allegation in paragraph 13 of the Amended Complaint, except admits that Plaintiff purports to bring the claims referenced therein.

14. Paragraph 14 of the Amended Complaint purports to characterize the nature of Plaintiff's claims or states a legal conclusion to which no response is required. To the extent a response is required, Citi denies each and every allegation in paragraph 14 of the Amended Complaint, except admits that Plaintiff purports to bring the claims referenced

therein and purports to characterize the Adult Survivors Act, and respectfully refers the Court to the full text of the Act for its contents.

15.    Paragraph 15 of the Amended Complaint states a claim that has been dismissed, *see* Opinion and Order (ECF No. 40) at 7-9, and therefore no further response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 15 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "GVMPL" as alleged.

16.    Citi admits that Plaintiff worked in its New York City, New York office since October 3, 2007, and that Plaintiff has represented in this Action that she resides in New Jersey.

17.    Citi denies the allegations in paragraph 17 of the Amended Complaint, except admits it engages in investment banking and other financial services, and is headquartered in New York City, New York.  *See also* Defendant's Rule 7.1 Statement (ECF No. 16).

18.    Paragraph 18 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi admits the allegations in paragraph 18 of the Amended Complaint.

19.    Paragraph 19 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 19 of the Amended Complaint.

20.    Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 20 of the Amended Complaint, except admits that Citi is

headquartered in New York City, New York, and that Plaintiff has represented in this Action that she resides in New Jersey. *See also* Defendant's Rule 7.1 Statement (ECF No. 16).

21.    Paragraph 21 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Citi admits the allegation in paragraph 21 of the Amended Complaint.

22.    Paragraph 22 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Amended Complaint.

23.    Paragraph 23 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Citi admits that Plaintiff purports to use the defined term "EFAA" as alleged, and that certain of Citi's employees are subject to arbitration agreements with Citi, and states that to the extent Plaintiff purports to characterize the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, no response is required, and respectfully refers the Court to the full text of the EFAA for its contents.

## FACTUAL ALLEGATIONS

24.    Citi admits the allegations in paragraph 24 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether Plaintiff "dedicated virtually her entire career to Citi," which is vague, ambiguous, and undefined.

25.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Amended Complaint, except admits that

Plaintiff became an employee of Citi on October 3, 2007, following the acquisition of the company where she and Keegan worked by Citi.

26.    Citi admits the allegations in paragraph 26 of the Amended Complaint.

27.    Citi admits the allegations in paragraph 27 of the Amended Complaint.

28.    Citi admits the allegations in paragraph 28 of the Amended Complaint.

29.    Citi admits the allegations in paragraph 29 of the Amended Complaint, and states that to the extent Plaintiff purports to quote from Keegan's online biography, no response is required, and respectfully refers the Court to the full text of the quoted biography for its contents.

30.    The phrases "worked with," "highest level," "worked closely together," "closest Citi colleagues," and "close to" are vague, ambiguous, and undefined, and therefore, no response is required to these allegations. To the extent a response is required, Citi denies each and every allegation in paragraph 30 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "Fraser" as alleged, that Keegan, from time to time, worked with the Citi employees listed in paragraph 30, and that the employees listed in paragraph 30 held the roles indicated at some point in time, and lacks knowledge or information sufficient to form a belief about whether Keegan worked with Fraser on planning related to the COVID-19 pandemic and what unidentified women purportedly said to Plaintiff at unspecified points in time.

31.    Citi admits the allegations in paragraph 31 of the Amended Complaint and that Plaintiff purports to use the defined term "Morton" as alleged, except denies that paragraph 31 reflects the entirety of the supervisory system within Equities at all relevant times.

12

32.    Citi admits the allegations in paragraph 32 of the Amended Complaint, except denies that Singh "ascended the ranks faster than any other employee within Equities."

33.    The phrase "firm's most important clients," is vague, ambiguous, and undefined, and therefore, no response is required to this allegation. To the extent a response is required, Citi admits the allegations in paragraph 33 of the Amended Complaint and that Plaintiff purports to use the defined terms "NAM" and "Jullier" as alleged, except lacks knowledge or information sufficient to form a belief about whether Singh was the Global Sales lead for all Platinum Client relationships and whether Platinum Clients are the "firm's most important clients."

34.    Citi admits the allegations in paragraph 34 of the Amended Complaint.

35.    Citi denies each and every allegation in paragraph 35 of the Amended Complaint, except admits that Singh received promotions while at Citi and that, at the time of his separation from Citi, Singh had approximately 100 direct and indirect reports.

36.    Citi admits the allegations in paragraph 36 of the Amended Complaint and states that Singh became Plaintiff's indirect matrix manager on or about April 2020, when Singh and Plaintiff's relationship was undisclosed.

37.    Citi denies each and every allegation in paragraph 37 of the Amended Complaint, except admits that Singh was a senior executive in Equities who, like all Citi employees, was expected to foster appropriate workplace conduct and culture and abide by Citi's core values, regulatory requirements, and applicable laws. The phrase "earned significant revenue" is vague, ambiguous, and undefined, and therefore no response is required to these allegations.

38.    The phrases "star performer," "most significant," and "high-priority relationships" are vague, ambiguous, and undefined, and therefore no response is required to these allegations.   To the extent a response is required, Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Amended Complaint, except admits Plaintiff became an employee of Citi on October 3, 2007.

39.    The phrase "excellent performance" is vague, ambiguous, and undefined, and therefore no response is required to these allegations.   To the extent a response is required, Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Amended Complaint, except admits Plaintiff has received multiple promotions while at Citi, including promotions to VP and Director, and that Plaintiff purports to use the defined term "VP" as alleged.

40.    Citi admits the allegations in paragraph 40 of the Amended Complaint.

41.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Amended Complaint.

42.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Amended Complaint, except admits that in 2021, Citi promoted Plaintiff to Managing Director.

43.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Amended Complaint, particularly given the vagueness and ambiguity of those allegations, except admits that Citi maintains talent decks listing high performing employees, which included Plaintiff, and that Plaintiff received promotions, merit-based bonuses, and salary increases during her tenure at Citi.

44.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Amended Complaint.

45.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Amended Complaint, except admits that Plaintiff purports to use the defined terms "RISE" and "Dunn" as alleged, that RISE was founded by Deirdre Dunn, an accomplished and respected female executive at Citi, and that Plaintiff was a tri-head of RISE.

46.    The phrase "portray itself publicly" is vague, ambiguous, and undefined, and therefore no response is required to these allegations.  To the extent a response is required, Citi admits it values diversity and inclusion, including gender equity.  Citi further states that to the extent paragraph 46 of the Amended Complaint purports to characterize and quote from a published and publicly available January 21, 2021 Citi press release and a September 20, 2022 Reuters article, no response is required, and Citi respectfully refers the Court to those documents for their contents.

47.    Citi denies each and every allegation in paragraph 47 of the Amended Complaint.

48.    Citi denies each and every allegation in paragraph 48 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "HR" as alleged.

49.    Citi denies each and every allegation in paragraph 49 of the Amended Complaint.

50.    Citi denies each and every allegation in paragraph 50 of the Amended Complaint, except Citi lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 50 about what Singh purportedly told Plaintiff at unspecified points in time.

51.    Citi denies each and every allegation in paragraph 51 of the Amended Complaint, except admits that in 2016, an employee showed women's underwear to colleagues, which resulted in an investigation, the employee being fired, and his manager being disciplined.

52.    Citi denies each and every allegation in paragraph 52 of the Amended Complaint.

53.    Citi denies each and every allegation in paragraph 53 of the Amended Complaint, except admits that Singh sometimes referred to his team, which was comprised of both men and women, as "Mani's Angels."

54.    Citi denies each and every allegation in paragraph 54 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "Moran" as alleged, and that Citi was aware that Moran identified as a lesbian, and lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and conversations occurred at unspecified points in time.

55.    Citi denies each and every allegation in paragraph 55 of the Amended Complaint, except admits that Moran invited Keegan to attend an LGBTQ event on behalf of Citi, which he did, and that Keegan and Moran discussed the event with others afterwards.

56.    Citi denies each and every allegation in paragraph 56 of the Amended Complaint, except admits that Moran's employment with Citi ended as part of a planned reduction-in-force.

57.     Citi denies each and every allegation in paragraph 57 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "Habib" as alleged, and lacks knowledge or information sufficient to form a belief about comments purportedly made by Singh to Plaintiff during the course of their undisclosed romantic relationship.

58.     Citi denies each and every allegation in paragraph 58 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and conversations occurred at unspecified points in time.

59.     Citi denies each and every allegation in paragraph 59 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and conversations occurred at unspecified points in time.

60.     Citi denies each and every allegation in paragraph 60 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "Roti" as alleged, and that Citi has policies in place that prohibit sexual relationships between employees in a reporting relationship and require disclosure of all employee relationships, and lacks knowledge or information sufficient to form a belief as to whether certain undisclosed and unreported employee relationships nonetheless occurred and about what Singh purportedly told Plaintiff at unspecified points in time.

61.     Citi denies each and every allegation in paragraph 61 of the Amended Complaint, except admits that certain employees referred to a female employee as "Dan's Mom," and lacks knowledge or information sufficient to form a belief as to whether certain

undisclosed and unreported conversations between unidentified "male members of management" occurred at unspecified points in time.

62.    The phrase "events where male managers used women solely for entertainment" is vague, ambiguous, and undefined and therefore, no response is required to this allegation.  To the extent a response is required, Citi denies each and every allegation in paragraph 62 of the Amended Complaint.

63.    Citi denies each and every allegation in paragraph 63 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and conversations occurred at unspecified points in time.

64.    Citi denies each and every allegation in paragraph 64 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and conversations occurred.

65.    Citi denies each and every allegation in paragraph 65 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and conversations occurred.

66.    Citi denies each and every allegation in paragraph 66 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and conversations occurred.

67.    Citi denies each and every allegation in paragraph 67 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and conversations occurred.

68.    Citi denies each and every allegation in paragraph 68 of the Amended Complaint, except admits that in 2014, Citi detected a nominal charge on Singh's corporate credit card from a business identified as an adult-entertainment establishment and issued Singh a formal disciplinary warning for the misconduct.

69.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

70.    Citi denies each and every allegation in paragraph 68 of the Amended Complaint, except admits that Plaintiff at times participated in business dinners as part of her role at Citi and lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and comments occurred.

71.    Citi denies each and every allegation in paragraph 71 of the Amended Complaint, except admits that in 2018, Citi hosted a Derivatives Conference in Miami at which then-CEO Mike Corbat spoke, and that, during one evening of that conference, Keegan asked the hotel to keep the bar and food service open for Citi employees and clients.

72.    Citi denies each and every allegation in paragraph 72 of the Amended Complaint, except admits that Citi employees would sometimes distribute call reports about business dinners, and lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents occurred at unspecified points in time.

73.    Citi denies each and every allegation in paragraph 73 of the Amended Complaint.

74.     Citi denies each and every allegation in paragraph 74 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

75.     Citi denies each and every allegation in paragraph 75 of the Amended Complaint, except admits that there was a female employee who some employees may have referred to as "Ardith 2.0," and lacks knowledge or information sufficient to form a belief about purported comments made by Singh to Plaintiff during the course of their undisclosed romantic relationship.

76.     Citi denies each and every allegation in paragraph 76 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "Sutton" as alleged, and lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported comments occurred.

77.     Citi admits the allegations in paragraph 77 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about what tasks Sutton assigned to Plaintiff and whether or not he considered those tasks important or "administrative work."

78.     Citi denies each and every allegation in paragraph 78 of the Amended Complaint, except admits that Citi Velocity released a Knowledge Block video on its site, which included Plaintiff, and lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported comments and conversations occurred at unspecified points in time.

79.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 of the Amended Complaint.

80.     Citi denies each and every allegation in paragraph 80 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported comments occurred.

81.     Citi denies each and every allegation in paragraph 81 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship, and whether undisclosed and unreported incidents and comments occurred at unspecified points in time.

82.     Citi denies each and every allegation in paragraph 82 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and comments occurred.

83.     Citi denies each and every allegation in paragraph 83 of the Amended Complaint, except admits that a female employee raised a concern to Habib about comments made by a male colleague whom the female employee described as a "colleague and friend," Habib offered to raise the issue to Human Resources or address the male colleague herself, and the female employee declined both offers and requested that she be allowed to handle the issue herself by addressing the colleague directly.

84.     Citi denies each and every allegation in paragraph 84 of the Amended Complaint, except admits that Citi has had an "Analyst Facebook" page, which includes resumes and photos of analysts.

85.     Citi denies each and every allegation in paragraph 85 of the Amended Complaint.

86.     Citi denies each and every allegation in paragraph 86 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship, and whether undisclosed and unreported incidents and comments occurred.

87.     Citi denies each and every allegation in paragraph 87 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported comments occurred at unspecified points in time.

88.     Citi denies each and every allegation in paragraph 88 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and comments occurred.

89.     Citi denies each and every allegation in paragraph 89 of the Amended Complaint, except admits that on occasion, Singh gave his credit card to other employees and asked them to buy meals, and lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and comments occurred at unspecified points in time and whether undisclosed employees have left Citi.

90.     Citi denies each and every allegation in paragraph 90 of the Amended Complaint.

91.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 of the Amended Complaint.

92.     Citi denies each and every allegation in paragraph 92 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether undisclosed and unreported incidents and comments occurred, and admits that Citi maintains policies designed to ensure a workplace free of gender discrimination and harassment.

93.     Citi denies each and every allegation in paragraph 93 of the Amended Complaint, except admits that in September 2022, Singh moderated a fireside chat between two senior women at Citi during which the panelists discussed their activities outside of work.

94.     Citi denies each and every allegation in paragraph 94 of the Amended Complaint.

95.     Citi denies each and every allegation in paragraph 95 of the Amended Complaint.

96.     Citi denies each and every allegation in paragraph 96 of the Amended Complaint, except admits that Plaintiff was one of two employees—the other being Plaintiff's male supervisor—that Belbachir did not recognize at a meeting early in his tenure at Citi, that Plaintiff was promoted to a Managing Director during Belbachir's tenure, and that Plaintiff was a tri-head of the RISE group.

97.     Citi denies each and every allegation in paragraph 97 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about purported comments made by Singh to Plaintiff during the course of their undisclosed romantic relationship, and states that the phrase "long track record" is vague, ambiguous, and undefined, and therefore no response is required to this allegation.

98.    Citi lacks knowledge or information sufficient to form a belief about the allegations in paragraph 98 of the Amended Complaint, except admits that, on an evening in 2012, a male Managing Director was observed to be under the influence of alcohol in front of Citi's office building, and denies that Citi did not take action against the employee at issue.

99.    Citi lacks knowledge or information sufficient to form a belief about whether the undisclosed and unreported allegations in paragraph 99 of the Amended Complaint occurred.

100.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100 of the Amended Complaint regarding what Singh purportedly told Plaintiff at an unspecified point in time, except admits that Citi created an Advocacy Program to mentor diverse employees.

101.    Citi denies each and every allegation in paragraph 101 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about whether undisclosed and unreported comments occurred.

102.    Citi denies each and every allegation in paragraph 102 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about whether undisclosed and unreported comments and conversations occurred and admits that Lindsey attended certain Citi-hosted Derivatives conferences.

103.    Citi denies each and every allegation in paragraph 103 of the Amended Complaint.

104.    Citi denies each and every allegation in paragraph 104 of the Amended Complaint, except admits that on November 10, 2022, Plaintiff reported to Citi text

messages Singh had sent her, which Citi took immediate action to address, and lacks knowledge or information sufficient to form a belief as to whether Plaintiff experienced any unreported and undisclosed incidents while at Citi.

105.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 of the Amended Complaint, which were never reported or otherwise known to Citi, but admits that Plaintiff purports to use the defined term "EMEA" as alleged, that Plaintiff began working at Citi in 2007, and that, in 2007, Evans was Citi's Global and Europe, Middle East, and Africa Head of Program Trading and Electronic Execution.

106.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 of the Amended Complaint, except admits that, in December 2007, Evans was senior to Plaintiff.

107.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 of the Amended Complaint, but denies that any such incident was reported or otherwise known to Citi.

108.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 of the Amended Complaint, but denies that any such incident was reported or otherwise known to Citi.

109.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 of the Amended Complaint, but denies that any such incident was reported or otherwise known to Citi.

110.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 of the Amended Complaint, but denies that any such incident was reported or otherwise known to Citi.

111.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111 of the Amended Complaint.

112.    Citi denies each and every allegation in paragraph 112 of the Amended Complaint, except admits that Keegan formerly held the positions within Equities listed in paragraph 112, and that, at one point, Plaintiff informed Keegan that she and Evans had kissed, which she characterized as consensual, and that Plaintiff thereafter refused to, and urged Keegan not to, report the consensual kiss to Human Resources.

113.    Citi denies each and every allegation in paragraph 113 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about what Plaintiff "understood."

114.    Citi denies each and every allegation in paragraph 114 of the Amended Complaint, except admits that Singh was in Plaintiff's reporting matrix from April 2020 to November 2022, that on November 14, 2022, Plaintiff—having previously denied a romantic relationship with Singh—first disclosed that she and Singh had been involved in a romantic relationship since 2017, which she characterized as personal and consensual, and lacks knowledge or information sufficient to form a belief about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

115.    The phrase "most senior" is vague, ambiguous, and undefined, and therefore no response is required to this allegation.  To the extent a response is required, Citi admits the allegations in paragraph 115 of the Amended Complaint except denies that

Singh was one the "most senior executives within the Global Equities division" and that Citi was ever aware of a romantic or sexual relationship between Plaintiff and Singh prior to November 14, 2022, when Plaintiff—having previously denied a romantic relationship with Singh—first disclosed that she and Singh had been involved in a romantic relationship since 2017, which she characterized as personal and consensual. Citi further states that Singh became Plaintiff's indirect matrix manager on or about April 2020, when Singh and Plaintiff's relationship was undisclosed.

116.  Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 of the Amended Complaint, except admits that Singh was senior to Plaintiff from 2017 until 2022 and that, on November 14, 2022, Plaintiff—having previously denied a romantic relationship with Singh—first disclosed to Citi that she and Singh had been involved in a romantic relationship since 2017, which she characterized as personal and consensual.

117.  Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 of the Amended Complaint, except admits that on November 14, 2022, Plaintiff—having previously denied a romantic relationship with Singh—first disclosed that she and Singh had been involved in a romantic relationship since 2017, which she characterized as personal and consensual.

118.  Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 of the Amended Complaint, except admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, and that on November 14, 2022, Plaintiff—having previously denied a romantic relationship

with Singh—first disclosed that she and Singh had been involved in a romantic relationship since 2017, which she characterized as personal and consensual.

119.    Citi denies each and every allegation in paragraph 119 of the Amended Complaint, except admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, and that on November 14, 2022, Plaintiff—having previously denied a romantic relationship with Singh—first disclosed that she and Singh had been involved in a romantic relationship since 2017, which she characterized as personal and consensual, and lacks knowledge or information sufficient to form a belief about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

120.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

121.    The phrase "used physical force" is vague, ambiguous, and undefined, and therefore no response is required to this allegation.  To the extent a response is required, Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

122.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 of the Amended Complaint about purported

interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

123.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

124.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

125.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

126.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

127.    Citi denies each and every allegation in paragraph 127 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about the truth of purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

128.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

129.    Citi admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, and states that paragraph 129 of the Amended Complaint purports to characterize and quote from text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents. Citi lacks knowledge or information sufficient to form a belief about who ended Singh and Plaintiff's undisclosed romantic relationship

130.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

131.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

132.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

133.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

134.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship and about the tenures of unnamed employees at Citi.

135.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

136.    Citi denies each and every allegation in paragraph 136 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about what Singh purportedly told or "made clear" to Plaintiff or what Plaintiff purportedly told Singh during the course of their undisclosed romantic relationship.

137.    Citi denies each and every allegation in paragraph 137 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about what Singh purportedly "ma[de] [Plaintiff] think" during the course of their undisclosed romantic relationship.

138.    Citi denies each and every allegation in paragraph 138 of the Amended Complaint, except admits that Plaintiff was one of six employees selected to participate in Citi's advocacy program, that, as part of the advocacy program, Plaintiff was assigned

Gately, then Citi's Head of Equities for the Americas, as her mentor, and that two of the six women who participated in the advocacy program are still at Citi.

139.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139 of the Amended Complaint about purported interactions between Singh and Plaintiff or what Plaintiff felt during the course of their undisclosed romantic relationship, except admits that Plaintiff was assigned Gately as her mentor as part of the advocacy program, that Gately and Plaintiff had a professional relationship, and that Singh reported to Gately.

140.    Citi denies each and every allegation in paragraph 140 of the Amended Complaint, except admits that Plaintiff was promoted to Managing Director in 2021, and that a woman candidate that Singh sponsored was promoted in 2020, and lacks knowledge or information sufficient to form a belief about what unspecified "peers" and "Managing Directors" purportedly told Plaintiff and about what Singh purportedly made Plaintiff believe during the course of their undisclosed romantic relationship.

141.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship, except admits that Plaintiff was a candidate for promotion to Managing Director in 2020, that, in 2020, Plaintiff's candidacy was sponsored by her direct supervisor and Singh, that Plaintiff was promoted to Managing Director in 2021, and that, in 2021, her candidacy was sponsored by her direct supervisor.

142.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 142 of the Amended Complaint about what Singh

purportedly told Plaintiff, except admits that Singh made comments about Gately to some colleagues.

143.    Citi denies each and every allegation in paragraph 143 of the Amended Complaint.

144.    Citi denies each and every allegation in paragraph 144 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about Singh's purported conduct outside working hours and/or off Citi's premises, and admits that Singh entertained Citi clients and was reprimanded for an instance of vaping within Citi's offices.

145.    Citi denies each and every allegation in paragraph 145 of the Amended Complaint, except admits that Singh sometimes hosted team events, which some Citi employees attended.

146.    Citi denies each and every allegation in paragraph 146 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

147.    Citi denies each and every allegation in paragraph 147 of the Amended Complaint.

148.    Citi denies each and every allegation in paragraph 148 of the Amended Complaint, except admits that Singh asked a junior employee to pick up his dry cleaning, for which he was reprimanded, and lacks knowledge or information sufficient to form a belief about whether that employee is still at Citi.

149.    The phrase "substantial profits" is vague, ambiguous, and undefined, and therefore, no response is required to this allegation.  To the extent a response is required, Citi denies each and every allegation in paragraph 149 of the Amended Complaint.

150.    Citi denies each and every allegation in paragraph 150 of the Amended Complaint, except admits that Plaintiff purports to use the defined term "Funk" as alleged, that Singh was selected as an Equities representative for a Managing Director sponsorship role in RISE after Plaintiff recommended him for the role.

151.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

152.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152 of the Amended Complaint, except admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, and states that paragraph 152 purports to characterize and quote from text and voice messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages and call records for their contents.

153.    Citi admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, and states that paragraph 153 of the Amended Complaint purports to characterize and quote

from text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents.

154.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154 of the Amended Complaint.

155.    Citi admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, and states that paragraph 155 of the Amended Complaint purports to characterize and quote from text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents.

156.    Citi admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, and states that paragraph 156 of the Amended Complaint purports to characterize and quote from text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents.

157.    Citi admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, and states that paragraph 157 of the Amended Complaint purports to characterize and quote from text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents.

158.    Citi admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, and states that paragraph 158 of the Amended Complaint purports to characterize and quote from text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents.

159.    Citi admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, and states that paragraph 159 of the Amended Complaint purports to characterize and quote from text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents.

160.    Citi admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, and states that paragraph 160 of the Amended Complaint purports to characterize and quote from text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents.

161.    Citi admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, and states that paragraph 161 of the Amended Complaint purports to characterize and quote

from text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents.

162.    Citi denies each and every allegation in paragraph 162 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about who ended Singh and Plaintiff's undisclosed romantic relationship.

163.    Citi denies each and every allegation in paragraph 163 of the Amended Complaint.

164.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164 of the Amended Complaint about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship.

165.    Citi denies each and every allegation in paragraph 165 of the Amended Complaint, except admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention, which Citi took immediate action to address, lacks knowledge or information sufficient to form a belief about whether Plaintiff tried to ignore Singh, and states that Plaintiff purports to characterize text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents.

166.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166 of the Amended Complaint, except admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention by emailing Tim Gately, Deirdre Dunn, and Shari Funk, but denies that Plaintiff informed her

direct supervisor, admits that Dunn was Citi's Co-Head of Global Rates at the time and a former Board member of RISE, and states that Plaintiff purports to characterize text messages Singh sent to Plaintiff and respectfully refers the Court to the full text of the messages for their contents.

167.    Citi admits that paragraph 167 of the Amended Complaint purports to characterize and quote from an email from Plaintiff to Gately, Dunn, and Funk, and respectfully refers the Court to the full text of the communication for its contents.

168.    Citi denies each and every allegation in paragraph 168 of the Amended Complaint, except admits that, on November 14, 2022, Plaintiff met via video conference with investigators from CSIS as part of the investigation Citi launched in response to her complaint, and lacks knowledge or information sufficient to form a belief about Plaintiff's then-existing mental state.

169.    Citi denies each and every allegation in paragraph 169 of the Amended Complaint, except admits that Plaintiff's interview with CSIS was conducted by two female Citi investigators, one of whom is a former District Attorney.

170.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170 of the Amended Complaint, except admits that in the CSIS interview, Plaintiff discussed her relationship with Singh.

171.    Citi denies each and every allegation in paragraph 171 of the Amended Complaint, except admits that on or about November 21, 2022—six days after Singh had resigned—Plaintiff submitted additional screenshots of Singh's messages to Citi through counsel.

172.    Citi denies each and every allegation in paragraph 172 of the Amended Complaint, except admits that on November 15, 2022, five days after Plaintiff's first (and only) complaint about Singh, and before Citi's investigation was complete, Singh resigned from Citi.

173.    Citi denies each and every allegation in paragraph 173 of the Amended Complaint, except admits that on November 22, 2022, Gately addressed certain Citi staff on a conference call.  To the extent that paragraph 173 purports to characterize and quote from the conference call, Citi respectfully refers the Court to the audio recording of the call for its contents.

174.    Citi denies each and every allegation in paragraph 174 of the Amended Complaint, except states that to the extent Plaintiff purports to quote from the FINRA website (https://www.finra.org/about/what-we-do), no response is required, and respectfully refers the Court to the full text of that webpage.  To the extent Plaintiff purports to characterize the FINRA Form U5 submitted by Citi for Singh, Citi respectfully refers the Court to the full text of that form for its contents.

175.    Paragraph 175 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi states that paragraph 175 purports to characterize and quote from FINRA Form U5, and respectfully refers the Court to the full text of the form for its contents and admits that FINRA Form U5 is available to prospective employers in the financial industry.

176.    Citi denies each and every allegation in paragraph 176 of the Amended Complaint, except states that to the extent Plaintiff purports to characterize and quote from FINRA Rule 5240 and the FINRA website (https://www.finra.org/about/responsible-

citizenship/racial-justice), no response is required, and respectfully refers the Court to the full text of those authorities for their contents.

177.    Paragraph 177 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 177 of the Amended Complaint.  To the extent Plaintiff purports to characterize the FINRA Form U5 submitted by Citi for Singh, Citi respectfully refers the Court to the full text of that form for its contents.

178.    Citi denies each and every allegation in paragraph 178 of the Amended Complaint, except admits that in May of 2023, Keegan, who was no longer at Citi, met with Plaintiff at her request, and that, at this meeting, Plaintiff showed Keegan certain of Singh's text messages to her.

179.    Citi denies each and every allegation in paragraph 179 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about purported interactions between Singh and Plaintiff during the course of their undisclosed romantic relationship and whether Plaintiff was in fear of Singh.

180.    Citi denies each and every allegation in paragraph 180 of the Amended Complaint except admits that it is, and at all relevant times has been, committed to a workplace free of discrimination and harassment.

181.    Citi denies each and every allegation in paragraph 181 of the Amended Complaint, except admits that on November 10, 2022, Plaintiff, for the first time in her tenure, brought inappropriate conduct by Singh—*i.e.*, the text messages Singh sent in November 2022—to Citi's attention.

182.    Citi denies each and every allegation in paragraph 182 of the Amended Complaint, except admits that Andrew Morton, the Head of Markets at Citi, issued a memo to Citi employees encouraging them to raise any perceived issues of discrimination and harassment, that Citi distributed a survey in February 2024 to women in Markets regarding the workplace environment, the results of which have been shared internally, and that Citi hired a law firm to provide a privileged and independent examination of Citi workplace culture.

183.    Citi denies each and every allegation in paragraph 183 of the Amended Complaint, except admits that Citi provides avenues for employees to raise concerns in confidence, including via its anonymous Ethics hotline, that Citi investigates any complaints made and, where appropriate, takes disciplinary action up to and including termination, and that on November 15, 2022, five days after Plaintiff's first (and only) complaint about Singh and before Citi's investigation was complete, Singh resigned from Citi, and lacks knowledge or information sufficient to form a belief about whether Citi's investigator characterized Singh's text messages as "criminal."  To the extent Plaintiff purports to characterize text messages Singh sent to Plaintiff, Citi respectfully refers the Court to the full text of the messages for their contents.  Citi further states that to the extent paragraph 183 purports to quote a Citi spokesperson statement, no response is required, and respectfully refers the Court to the full text of the statement for its contents.

184.    Citi denies each and every allegation in paragraph 184 of the Amended Complaint.

185.    Citi denies each and every allegation in paragraph 185 of the Amended Complaint.

186.    Citi denies each and every allegation in paragraph 186 of the Amended Complaint.

187.    Citi denies each and every allegation in paragraph 187 of the Amended Complaint.

188.    Citi denies each and every allegation in paragraph 188 of the Amended Complaint.

189.    Citi denies each and every allegation in paragraph 189 of the Amended Complaint, except states that to the extent Plaintiff purports to characterize and quote from a document and a Citi policy, no response is required, and respectfully refers the Court to the full text of the document and policy for their contents.

190.    The phrase "shed light on" is vague, ambiguous, and undefined, and therefore, no response is required to this allegation.  To the extent a response is required, Citi denies each and every allegation in paragraph 190 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief about what unnamed women did at unspecified times.

191.    Citi denies each and every allegation in paragraph 191 of the Amended Complaint, except admits that, in some years, Plaintiff received a "1,1" rating, and that "1" is the highest ranking for an employee at Citi.

192.    Citi denies each and every allegation in paragraph 192 of the Amended Complaint, except admits that Plaintiff's formal compensation communication occurred in or around January 2023 and that Plaintiff received a "2, 2" overall rating for 2022.

193.    Citi denies each and every allegation in paragraph 193 of the Amended Complaint.

194.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 194 of the Amended Complaint as to Plaintiff's thoughts and mental state, except denies that Citi mistreated Plaintiff.

195.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 195 of the Amended Complaint, except denies that Citi "abuse[d]" or otherwise mistreated Plaintiff or other female former employees.

196.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 196 of the Amended Complaint, except denies that Citi "abuse[d]" or otherwise mistreated Plaintiff.

197.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 197 of the Amended Complaint, except admits that Plaintiff has—at Plaintiff's request—been on a leave of absence from Citi since November 2022.

### FIRST CAUSE OF ACTION
### (Discrimination Under Tile VII)

198.    Citi incorporates by reference its responses to paragraphs 1 through 197 of the Amended Complaint.

199.    Paragraph 199 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 199 of the Amended Complaint.

200.    Paragraph 200 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 200 of the Amended Complaint.

201.    Paragraph 201 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 201 of the Amended Complaint.

## SECOND CAUSE OF ACTION
## (Discrimination Under the NYSHRL)

202.    Citi incorporates by reference its responses to paragraphs 1 through 201 of the Amended Complaint.

203.    Paragraph 203 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 203 of the Amended Complaint.

204.    Paragraph 204 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 204 of the Amended Complaint.

205.    Paragraph 205 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 205 of the Amended Complaint.

206.    Paragraph 206 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 206 of the Amended Complaint.

## THIRD CAUSE OF ACTION
## (Retaliation Under the NYSHRL)

207.    Citi incorporates by reference its responses to paragraphs 1 through 206 of the Amended Complaint.

208.    Paragraph 208 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 208 of the Amended Complaint.

209.    Paragraph 209 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 209 of the Amended Complaint.

210.    Paragraph 210 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 210 of the Amended Complaint.

## FOURTH CAUSE OF ACTION
### (Discrimination Under the NYCHRL)

211.    Citi incorporates by reference its responses to paragraphs 1 through 210 of the Amended Complaint.

212.    Paragraph 212 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 212 of the Amended Complaint.

213.    Paragraph 213 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 213 of the Amended Complaint.

214.    Paragraph 214 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 214 of the Amended Complaint.

## FIFTH CAUSE OF ACTION
## (Retaliation Under the NYCHRL)

215.    Citi incorporates by reference its responses to paragraphs 1 through 214 of the Amended Complaint.

216.    Paragraph 216 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 216 of the Amended Complaint.

217.    Paragraph 217 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 217 of the Amended Complaint.

218.    Paragraph 218 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Citi denies each and every allegation in paragraph 218 of the Amended Complaint.

## SIXTH CAUSE OF ACTION
## (GMVPL)

219.    Citi incorporates by reference its responses to paragraphs 1 through 218 of the Amended Complaint.

220.    Paragraph 220 of the Amended Complaint states a claim that has been dismissed, *see* Opinion and Order (ECF No. 40) at 7-9, and therefore no further response is required.

221.    Paragraph 221 of the Amended Complaint states a claim that has been dismissed, *see* Opinion and Order (ECF No. 40) at 7-9, and therefore no further response is required.

222.    Paragraph 222 of the Amended Complaint states a claim that has been dismissed, *see* Opinion and Order (ECF No. 40) at 7-9, and therefore no further response is required.

223.    Paragraph 223 of the Amended Complaint states a claim that has been dismissed, *see* Opinion and Order (ECF No. 40) at 7-9, and therefore no further response is required.

## PRAYER FOR RELIEF

Citi denies that Plaintiff is entitled to any of the relief sought in her Prayer for Relief, including because the Prayer for Relief makes legal conclusions to which no response is required.  To the extent a response is required, Citi otherwise denies each and every allegation in Plaintiff's Prayer for Relief.

## DEMAND FOR A TRIAL BY JURY

Citi does not contest the parameters of Federal Rule of Civil Procedure 38 governing Plaintiff's demand for a trial by jury.

## DEFENSES

Citi asserts the following defenses and/or affirmative defenses, without assuming the burden of proof for any issues for which applicable law places the burden on Plaintiff. Nothing stated herein is intended to be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations.  Furthermore, all affirmative defenses are pleaded in the alternative, and none constitutes an admission of liability or that Plaintiff is entitled to any relief on their claims.

## First Defense

Plaintiff fails in whole or in part to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## Second Defense

Plaintiff lacks standing to challenge any employment practices that did not affect her.

## Third Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations or filing periods.

## Fourth Defense

Plaintiff's claims are barred in whole or in part as to any matters for which Plaintiff failed to satisfy the statutory and/or administrative prerequisites to commencing and maintaining this action.

## Fifth Defense

Plaintiff's claims are barred, in whole or in part, because Defendant has committed no act or omission causing damage to Plaintiff.

## Sixth Defense

Plaintiff's claims for punitive damages are barred, in whole or in part, by the provisions of the United States Constitution and/or the New York State Constitution and laws.

## Seventh Defense

Plaintiff's claims for damages fail to the extent she seeks damages that are not permitted under Title VII, the NYSHRL, and/or NYCHRL.

### Eighth Defense

Plaintiff is not entitled to attorneys' fees and costs under some or all of the causes of action as demanded in the Amended Complaint.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, because Defendant's actions were not the proximate cause of any of her alleged injuries.

### Tenth Defense

Plaintiff's claims fail because any and all employment actions allegedly taken with respect to Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, legal reasons, and were not pretextual.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, because they do not allege employment actions or decisions that amount to a material adverse change to a term or condition of employment.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, because Defendant did not treat her less favorably than similarly situated employees.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, because Defendant did not know and/or could not have known about the alleged discrimination, harassment and/or retaliation.

### Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, because she did not engage in protected activities.

### Fifteenth Defense

Plaintiff's claims are barred in whole or in part because there is no causal connection between any alleged protected activity and any alleged adverse employment action.

### Sixteenth Defense

Plaintiff's claims are barred in whole or in part because there was no retaliatory motive on the part of Defendant.

### Seventeenth Defense

Plaintiff's claims are barred in whole or in part because Defendant did not engage in conduct reasonably likely to deter Plaintiff from engaging in protected activity.

### Eighteenth Defense

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate, or reasonably attempt to mitigate, any damages.

### Nineteenth Defense

Plaintiff's claims are barred in whole or in part because all of Defendant's actions towards Plaintiff were done in good faith and motivated by legitimate, non-discriminatory and/or non-retaliatory reasons.

### Twentieth Defense

Plaintiff's claims are barred in whole or in part because, to the extent applicable, the individuals who made any employment decision with respect to Plaintiff did not engage in and/or do not have records of discriminatory or retaliatory conduct.

### Twenty-First Defense

Plaintiff's claims are barred in whole or in part because at all relevant times Defendant had anti-discrimination policies in effect to prevent and correct promptly any unlawful discriminatory or retaliatory practices.

### Twenty-Second Defense

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any unlawful discriminatory and retaliatory practices, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, including by Plaintiff's own violation of Defendant's policies and procedures.

### Twenty-Third Defense

Plaintiff's claims are barred in whole or in part because Plaintiff affirmatively concealed and made false and misleading statements regarding her relationship with Singh, intervening events that break any causal link between Defendant's purported actions and the alleged harm.

### Twenty-Fourth Defense

Plaintiff's claims are barred in whole or in part because even if any unlawful discrimination or retaliation occurred, which Defendant denies, such conduct was and is prohibited by Defendant's policies and was not committed or authorized by Defendant. Defendant never authorized, ratified, or participated in any discriminatory and/or retaliatory conduct regarding Plaintiff, and Plaintiff deliberately concealed conduct alleged in the Amended Complaint from Defendant.

### Twenty-Fifth Defense

Plaintiff's claims are barred in whole or in part because some of the alleged conduct of which Plaintiff complains consists of nothing more than what a reasonable person would consider petty slights and trivial inconveniences.

### Twenty-Sixth Defense

Plaintiff's claims are barred, in whole or in part, because, to the extent any harassing, discriminatory or retaliatory conduct occurred, it was outside of and did not affect Plaintiff's working environment.

### Twenty-Seventh Defense

Plaintiff's claims for punitive damages are barred, in whole or in part, because Defendant's actions were lawful, made in good faith, and not undertaken with willfulness, malice, or reckless indifference to Plaintiff's legally protected rights.

### Twenty-Eighth Defense

Plaintiff's claims for damages are barred, in whole or in part, because the assumptions they are based on, including, without limitation, that Plaintiff would have been continuously employed, or otherwise retained or compensated, are without basis and speculative.

### Twenty-Ninth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, estoppel, in pari delicto, unclean hands, or other equitable defenses.

### Thirtieth Defense

The Amended Complaint and the relief sought therein are barred, in whole or in part, to the extent that any of the relief sought conflicts or is inconsistent with the contractual or other rights of any non-parties.

### Thirty-First Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of these alleged damages.

### Thirty-Second Defense

Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in the New York City Administrative Code § 8-107(13)(d), (e), and (f).

### Thirty-Third Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to serve a copy of the Amended Complaint on the City of New York Commission on Human Rights and/or the Corporation Counsel of the City of New York. New York City Admin. Code §8-502(c).

\* \* \*

By having lodged these specific defenses, Defendant is not knowingly waiving any defense and hereby expressly reserves the right to amend this Answer to include all such defenses as may become available or apparent during pretrial proceedings of this action.

\* \* \*

WHEREFORE, Defendant respectfully requests that this Court:

(a) Enter judgment in Defendant's favor;

(b) Award Defendant the costs of the suit, including reasonable attorneys' fees and expenses; and

(c) Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      November 10, 2025

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By:  _/s/ Liza Velazquez_
      Susanna Buergel
      Liza Velazquez
      1285 Avenue of the Americas
      New York, New York 10019
      (212) 373-3000
      sbuergel@paulweiss.com
      lvelazquez@paulweiss.com

      Lina Dagnew
      2001 K Street NW
      Washington, DC 20006
      (202) 223-7300
      ldagnew@paulweiss.com

_Counsel to Defendant Citigroup Global Markets Inc._

54