# V<span style="font-variant:small-caps">ladeck</span>, R<span style="font-variant:small-caps">askin</span> & C<span style="font-variant:small-caps">lark</span>, P.C.

J<span style="font-variant:small-caps">eremiah</span> I<span style="font-variant:small-caps">adevaia</span><br>
(212) 403-7323<br>
E<span style="font-variant:small-caps">mail</span>: jiadevaia@vladeck.com

December 4, 2025

**V<span style="font-variant:small-caps">ia</span> ECF**
Honorable Sarah Netburn

      Re:  <u>Lindsey v. Citigroup Global Markets, Inc. 1:23-cv-10166</u>

Dear Judge Netburn:

  We represent the Plaintiff Ardith Lindsey ("Plaintiff" or "Lindsey") in this action against Citigroup Global Markets, Inc. ("Defendant" or "Citi"). We write pursuant to Your Honor's Rule II.C. and Orders (ECF 33, 37, 44, 52) and in response to Citi's letter dated November 26, 2025 ("Def. Ltr."; ECF 53) that erroneously argues that Plaintiff's discovery responses are insufficient.

**I.**   <u>Defendant's Objections to Plaintiff's Production of Documents Should be Rejected</u>

  **A.**   <u>Plaintiff's Communications with Singh</u>

  Citi's motion concerning Plaintiff's communications with Singh is neither ripe nor necessary. Plaintiff has repeatedly confirmed that she will produce these communications. She produced today the late 2022 messages she received from Singh and will produce other communications as soon as possible but needs additional time because of the significant volume of electronic documents.[1] There is no prejudice to Defendant in waiting for these documents. Contrary to Citi's protest that Plaintiff's deposition is "anticipated to occur in early January," no deposition date has been set. Indeed, both parties are at early stages in their document production, with Citi having produced fewer than 60 documents to date and no electronic discovery.

  **B.**   <u>Documents Concerning the 2018 Loan</u>

  Citi is not entitled to documents concerning Singh's 2018 loan to Lindsey beyond those Plaintiff has agreed to produce and that it already has in its possession. While Citi's investigation of the 2018 loan may shed light on Citi's knowledge of the dynamic between Plaintiff and Singh, Citi has never explained why the underlying documents that were never in Citi's possession – including Plaintiff's communications with her mother and her mother's bank information—would have any bearing on Plaintiff's claims.[2] Particularly given the implications to Plaintiff's privacy and the privacy of third parties, including Plaintiff's mother, Plaintiff should not be compelled to disclose the requested documents.

  **C.**   <u>Defendant's Request for all Communications with Various Individuals</u>

  Citi's requests for all of Plaintiff's communications with 10 Citi employees (Dkt. 53-1 at

---

[1] As previously represented to Defendant, Plaintiff forensically imaged her electronic devices. This process has yielded an excess of 60,000 documents (hundreds of thousands of pages) that Plaintiff needs to search and review.

[2] Citi's focus on the purported mortgage scheme is perplexing. Given the nature of the transaction, surely Citi was fully aware of the dynamic between Singh and Lindsey, yet did nothing to intervene and, instead, placed Singh above Plaintiff in her reporting line which allowed him to exert greater control over her and escalate his outrageous abuse.

Hon. Sarah Netburn
December 4, 2025
Page 2

Request No. 3) is plainly overbroad and burdensome and violates the requirements of Fed. R. Civ. P. 34.[3] Nor is Defendant's request that Plaintiff produce documents speaking "positively or neutrally" of the individuals any more compliant with the applicable rules.[4] Among other things, it is entirely unclear how Plaintiff would go about identifying such documents, and even if she did, those documents would not necessarily have any relevance to this case.[5] Nevertheless, Plaintiff already agreed to produce all communications in her possession with Singh and Evans and has agreed to do reasonable searches to identify relevant documents to, from, or concerning the other named individuals. Plaintiff has even offered to meet and confer concerning search terms Plaintiff could use to identify those documents—an offer Defendant apparently rejects as insufficient.

D.   Documents Concerning Plaintiff's Non-Domestic Activities

Defendant should not be permitted to pursue a fishing expedition into Plaintiff's day-to-day activities while she has been on leave. There is no dispute that Plaintiff is currently unable to work and is covered by long term disability insurance. She has agreed to produce information concerning her application for long term disability benefits and her mental health records, has already produced hundreds of pages of medical records (including records that address directly whether Plaintiff is able to return to work), and has given Defendant authorizations for her mental health providers. Moreover, even if Plaintiff had engaged in volunteer activities, such activities would have no bearing on her ability to return to her demanding job as a Managing Director at Citi.[6]

E.   Documents Concerning Plaintiff's Romantic Relationships

Defendant's arguments concerning Plaintiff's objections pursuant to Fed. R. Evid. 412 are unavailing. (Def. Ltr. 3) First, Defendant claims that such objections are not proper discovery objections. This is not the law.[7] Second, while Defendant claims that Rule 412 does not apply to

---

[3] See BAT LLC v. TD Bank, N.A., 2018 WL 3626428, at *3 (E.D.N.Y. July 30, 2018) (request that sought "all communication" between party and other entities without limitation as to subject matter violated Fed. R. Civ. P. 34); Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co., 2016 WL 4613390, at *10 n. 8 (S.D.N.Y. Aug. 31, 2016) (requests that sought "all documents concerning communications with any governmental body" "plainly violated" Fed. R. Civ. P. 34(b)(1)(A)).

[4] Figueroa v. New York Health & Hosps. Corp., 500 F. Supp. 2d 224, 235 (S.D.N.Y. 2007) (Def. Ltr. 3) does not refer to document requests at all, but rather to evaluating allegedly differential treatment. And in Pegasystems, Inc. v. Appian Corp., 2021 WL 9860631, at *2-3 (D. Mass. Sept. 30, 2021) (cited at Def. Ltr. 3), the District of Massachusetts overruled an objection that a request for documents that "contradict[ed] or refut[ed]" certain claims was vague, including because the objecting party (unlike Plaintiff here) had served similar requests.

[5] For example, if Plaintiff sent a text message stating "I have a meeting scheduled with *x*" that statement is a "neutral" communication about *x* person, but does not necessarily have anything to do with the claims, defenses, or relief sought.

[6] Milspaw v. Comm'r of Soc. Sec., 2019 WL 5419536, at *1 (W.D.N.Y. Oct. 23, 2019) (Def. Ltr. 3) is inapposite. There, the Court considered a Social Security Disability Insurance appeal and found that Plaintiff's volunteer work teaching cooking classes may be relevant to whether, under the Social Security Act, Plaintiff could "perform any of his or her past []work," which included work as a cook, cleaner, and construction laborer. Id. at 3.

[7] See Fed. R. Evid. 412 Advisory Comm. Notes. (recommending appropriate protective orders against the very type of discovery requests Defendant served); see also Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55, 58 (S.D.N.Y. 2018) (noting that, while evidence generally need not be admissible to be discoverable, Courts "must balance that standard," even at the discovery stage, with Rule 412 and barring discovery concerning Plaintiff's sexual

Hon. Sarah Netburn
December 4, 2025
Page 3

requests for Plaintiff's "romantic" activity, Defendant cannot meaningfully distinguish its requests from impermissible requests for "sexual" activity under Rule 412.[8] Rule 412 applies not only to sexual conduct, but also "behavior," which encompasses, for example, "'activities of the mind, such as fantasies,'" and "predisposition" including "matters 'relating to the alleged victim's mode of dress, speech, or lifestyle.'" Wolak v. Spucci, 217 F.3d 157, 160 (2d Cir. 2000) (quoting Advisory Comm. Notes).[9] Finally, even if Defendant's requests were not proscribed under 412 (which they are), Defendant does not explain how Plaintiff's disclosure or non-disclosure of relationships with individuals other than Singh would have any relevance beyond showing Plaintiff's propensity for following Citi's purported policy concerning "romantic relationships"—which of course, would be inadmissible.[10]

      F.      <u>Defendant's Request that Plaintiff Revise Her Written Objections Should be Denied</u>

In a footnote, Defendant asks the Court to compel Plaintiff to revise her written responses (Def. Ltr. 2 n. 3). Contrary to Defendant's argument, Plaintiff's qualification that that she "will not withhold documents but only to the extent responsive documents relate to the claims, defenses, or relief sought" is appropriate and an attempt to respond meaningfully to document requests that are otherwise vastly overbroad and seek documents entirely unrelated to this case. (See supra Sec I.C. (citing Dkt. 53-1 at Request No. 3))[11] Of course, it is "incumbent on [Citi] to draft reasonable discovery requests that compl[y] with [Fed. R. Civ. P. 34] [] or, at the very least, narrow the scope of the requests."[12] Asking Plaintiff to define for Citi what a reasonable version of Defendant's request would look like flips Defendant's obligation on its head and should not be countenanced.

II.      <u>Defendant's Objections to the Plaintiff's Interrogatories are Either Premature or Erroneous</u>

In describing the history of discovery-related negotiations, Citi fails to note that during more than two and a half hours of discussions and dozens of pages of negotiations by letters and emails, Plaintiff in large measure has not declined to provide the interrogatory information that Citi now demands. By fabricating meaningless deadlines and ignoring Plaintiff's cautioning that the issues

---

history); Holcomb v. State Univ. of New York at Fredonia, 2015 WL 1280442, at *2 (W.D.N.Y. Mar. 20, 2015) (denying motion to compel and citing Advisory Committee notes).

[8] See also Holcomb, 2015 WL 1280442, at *1 (denying motion to compel Plaintiff to answer deposition questions about romantic interactions with colleagues); Hughes, 327 F.R.D. 55, 59 (granting motion to quash subpoenas of men allegedly involved in affairs with sexual harassment Plaintiff that sought, inter alia "romantic communications.").

[9] In Zakrzewska v. New Sch., No. 06 CIV. 5463 (LAK), 2008 WL 126594, at *2 (S.D.N.Y. Jan. 7, 2008), which Defendant cites to support its broad and invasive request, the Court acknowledged the applicability of Rule 412 to discovery and noted that courts "quite properly are reluctant to permit discovery into such [] matters."

[10] Rajaravivarma v. Bd. of Trs. for Connecticut State Univ. Sys., 272 F.R.D. 315, 319 (D. Conn. 2011) (denying in part motion to compel, finding that Defendant is not entitled to discovery where only articulated purpose of the evidence is as propensity evidence proscribed by Fed. R. Evid. 404).

[11] Notably, in Michael Kors, L.L.C. v. Su Yan Ye, 2019 WL 1517552, at *7 (S.D.N.Y. Apr. 8, 2019), which Citi cites to scold Plaintiff, the Court did not compel Plaintiff to propound new discovery responses; rather, the Court noted the apparent overbreadth of Defendant's document requests and, accordingly, ordered Defendant to tailor them to be to the issues in the case.

[12] BAT LLC, 2018 WL 3626428, at *3.

Hon. Sarah Netburn
December 4, 2025
Page 4

are not yet ripe, Citi proceeds to waste judicial and the parties' resources with interrogatory-related disputes that either have been or may soon be informally resolved.

### A. Plaintiff Has Fully Answered Interrogatory No. 3

Characteristic of Citi's unfounded attacks on Plaintiff's interrogatory responses and its ignoring that discussions of these issues are ongoing, Citi demands that Plaintiff identify individuals who had knowledge of "Plaintiff's Romantic Relationship with Singh." (ECF 53 at 4) As Plaintiff has explained to Citi, she is not withholding a response based on her objection to Citi's mischaracterization of her dynamic with Singh as a ""Romanic Relationship" but instead has fully responded to the interrogatory despite the objections. Because Plaintiff's response has nothing to do with an "inconsistent. . . interpretation of the law," Citi's citation to SEC v. Ripple Labs, Inc., 2021 WL 5336970, at *1 (S.D.N.Y. Oct. 21, 2021) is misplaced.

### B. Information in Response to Interrogatory No. 1 Should Be Pursued at Deposition

Ignoring the limitations of Local Rule 33.3 which allows only interrogatories seeking the names of witnesses, computation of damages, and document-related information, Citi asks for the "dates" on which Plaintiff and Singh began a "sexual relationship and/or a Romantic Relationship." (Dkt. 53-2 at Interrogatory No. 1) This Interrogatory is improper at this stage in the litigation, where "the parties are still in the early stages of fact discovery [and] depositions have yet to occur." CG3 Media, LLC v. Belleau Techs., LLC, 2022 WL 1172499, at *2 (S.D.N.Y. Apr. 20, 2022) (denying motion to compel responses to contention interrogatories). And for good reason. As explained in part above, see Section A, supra, the interactions between Singh and Plaintiff are more accurately described as a history of coercion; the complexities of that abusive dynamic likely would make a response to this interrogatory incomplete and misleading. Plaintiff's deposition, accordingly, is a more appropriate discovery vehicle for exploring this issue. See Fed. R. Civ. P. 26(b)(2)(C)(i) (limiting discovery that can be "obtained from some other source that is more convenient [or] less burdensome").

### C. Plaintiff Has Agreed to Timely Providing More Specifics on Her Allegations

Citi's other objections to Plaintiff's Interrogatory Responses fare no better. As Citi acknowledges, Interrogatory Nos. 4 and 8[13] largely mirror the information required by the Third Amended Standing Administrative Order M10-468 (the "Standing Order"), which mandates a response within 30 days of the answer, or December 10, 2025. [14] (See ECF 50) Plaintiff has already confirmed to Citi that she will furnish the answers the Standing Order requires by that deadline.[15]

Second, Interrogatory No. 6 seeks precisely the type of information that Citi has refused to

---

[13] Defendant's Interrogatory No. 4 states: "Identify all incidents of sexual harassment and/ or discrimination alleged in the Complaint concerning other Persons which Plaintiff personally witnesses, or about which she had contemporaneous knowledge, and Identify the source of Plaintiff's contemporaneous knowledge."

[14] The Standing Order provides for "oral comments that the plaintiff alleges were discriminatory or any instances of harassment, identify the speaker or actor, the content or action, and any witnesses to the comments or action."

[15] To the limited extent that Citi by these Interrogatories seeks information that exceeds that required under the Standing Order, Plaintiff maintains her objection that that portion of the Interrogatory is an improper contention Interrogatory (see supra Sec. II.B.) and that the information is more appropriately sought through depositions.

Hon. Sarah Netburn
December 4, 2025
Page 5

provide to Plaintiff: "all Persons who provided information in connection with the preparation of the complaint" and Plaintiff's discovery responses. See Dkt. 54-1 Resp. No.1 (refusing to name "each person who provided information to answer these [discovery requests].")  In any event, the law requires disclosure of only "those individuals who provided substantial assistance" in preparing discovery responses. See v. Gov't Emps. Ins. Co., 2025 WL 2917100, at *7 (E.D.N.Y. Oct. 11, 2025); Othon v. Wesleyan Univ., 2019 WL 13291271, at * 2 (D. Conn. Nov. 25, 2019). Plaintiff therefore responds that she provided such assistance.

III.     Defendant's Demand for Additional Deposition Time is Premature

Again, Citi requests Court intervention on an issue that is not yet ripe. As shown above, Plaintiff's deposition will not be scheduled until January; accordingly, the parties will have ample time to discuss the length and quantity of depositions.[16]

First, one of the chief reasons for Citi's request for additional deposition time (Def. Ltr. at 5) is in large measure no longer applicable. As discussed above, Plaintiff will provide, pursuant to the Standing Order, the identification of witnesses and others involved in discriminatory events as Citi requested in its Interrogatory Nos. 4 and 8.

Moreover, Citi's citations do not support, without a more complete record, the automatic doubling of deposition time Citi seeks. Indeed, in Greater N.Y. Taxi Ass'n v. City of N.Y., 2017 WL 4012051, at *8 (S.D.N.Y. Sept. 11, 2017), the Court directed simply that the parties "meet and confer on a reasonable time limit" above seven hours. See Arista Recs. LLC v. Lime Grp. LLC, 2008 WL 1752254 (S.D.N.Y. Apr. 16, 2008) (granting, after the first day of deposition, an additional half day where the record involved 600,000 pages of documents); Rahman v. Smith & Wollensky Rest. Grp., Inc., 2009 WL 72441 (S.D.N.Y. Jan. 7, 2009) (after five and half hours of class action named plaintiff's deposition, the Court allowed an additional six hours).[17] Accordingly, Plaintiff respectfully requests that the matter be deferred until the parties have met and conferred on this issue. See Benitez v. Lopez, 2019 WL 1578167, at *1 (E.D.N.Y. Mar. 14, 2019) ("motion to obtain additional deposition time" was denied as "premature" "[w]ithout the deposition proceeding first").[18]

Respectfully submitted,
/s
Jeremiah Iadevaia

JI:eb

---

[16] Citi cites as a reason for a longer deposition (Def. Ltr. at 5), that certain executives involved in the discrimination no longer work at Citi; that reason, among others, will likely require Plaintiff to seek more than ten depositions.

[17] Other cases Citi relies on involve class actions that entail additional questioning about the proposed class and class representative. See Black Love Resists in the Rust v. City of Buffalo, N.Y., 2023 WL  11984925 (W.D.N.Y. June 29, 2023) (authorizing a ten hour deposition of class representative); Pierre v. City of New York, 2022 WL 2384150 (S.D.N.Y. July 1, 2022) (in a multiple defendant proposed class action, the Court specified three hours of common questioning for all defendants; three hours each for two individual defendants; and denied request for up to three hours of additional questioning by two other individual defendants).

[18] The parties also will need to discuss accommodation of Plaintiff's disabilities which make it impossible for her to participate in seven hours of deposition on a single day.

#10014138