# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

<div style="float:right">

Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

</div>

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Liza Velazquez**
**Direct Dial:** +1 212 373 3096
**Email:** lvelazquez@paulweiss.com

December 22, 2025

Chief Magistrate Judge Sarah Netburn
United States District Court for the Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

  Re:  *Lindsey* v. *Citigroup Global Markets, Inc.*, 1:23-cv-10166 (ALC)(SN) (S.D.N.Y.)

Dear Judge Netburn:

  Pursuant to the Court's Order, ECF No. 59, we write on behalf of Defendant Citigroup Global Markets Inc. ("Citi") to bring to the Court's attention certain discovery disputes that Citi previously raised in its November 26, 2025 letter to the Court but that were not resolved at the December 10, 2025 conference. *See* ECF No. 53; **Ex. 1** (Dec. 10, 2025 Conf. Tr.) at 50:6–18. Although Citi has repeatedly met and conferred with Plaintiff,[1] the Parties have not been able to resolve their disputes with respect to Plaintiff's responses to Request Nos. 4, 14, and 23 of Citi's First Set of Requests for Production of Documents (ECF No. 53-1). Accordingly, Citi respectfully requests that the Court compel Plaintiff to produce the requested discovery in response to these Requests.

  **Documents Concerning Plaintiff's Interactions With and Views of Key Individuals She Repeatedly Accuses of Misconduct (Request No. 4)**. Request No. 4 seeks, among other documents, Plaintiff's communications with and concerning the individuals she accuses of wrongdoing against her in the Amended Complaint and/or individuals who are key witnesses to her claims. *See* ECF No. 53 at 2–3. In response to this Request, Plaintiff refused to produce all of her communications with two men she accuses of repeated misconduct—Tim Gately and Dan Keegan.[2] Instead, calling Citi's request burdensome and disproportionate, Plaintiff insists that Citi is not entitled to all communications from Plaintiff's personal devices with and about Gately or Keegan, and proposes to identify relevant documents only through the application of search terms.[3]

---

[1] Following the December 10 conference, on December 15, 2025 and December 19, 2025, the Parties met and conferred by telephone to discuss these and additional issues.

[2] During the Parties' meet and confer on December 19, 2025, Plaintiff confirmed she would produce all of her communications with Richard Evans.

[3] Plaintiff has not yet provided Citi with her proposed search terms but has agreed to do so this month. The Parties are continuing to meet and confer about other aspects of Plaintiff's response to Request No. 4, including the search terms to be used to identify responsive documents and communications with and

Plaintiff's limitation would improperly deny Citi access to important, relevant discovery. The documents Citi seeks go directly to Plaintiff's allegations that Gately and Keegan engaged in misconduct, *see, e.g.*, Am. Compl. (ECF No. 12) ¶¶ 49, 50, 54, 55, 70, 75, 178, or knowingly turned a blind eye to alleged abuse over a period of several years, *see, e.g., id.* at ¶¶ 6, 30, 65, 71, 74, 88, 112, 147, 179. They also bear directly on Plaintiff's credibility. These communications will show the nature, frequency, and tone of Plaintiff's interactions and relationships with these two key individuals over time and are therefore highly probative of the veracity of her claims of mistreatment by Keegan and Gately. These documents are likewise directly relevant to Plaintiff's claim that Singh blocked her from having a relationship with Gately and "shut off any possibility that Lindsey would be able to complain to Gately," *id.* at ¶ 138, which puts the frequency, volume, and timing of Plaintiff's communications with Gately squarely at issue.

Moreover, although Plaintiff now asserts that Citi's request is burdensome and disproportionate, as the Court suggested at the December 10 discovery conference with respect to Plaintiff's communications with Singh, Ex. 1 (Dec. 10, 2025 Conf. Tr.) at 44:13–23, these documents can be readily identified on Plaintiff's personal devices by running straightforward searches for all communications to/from Keegan and Gately and would not require any privilege review. Notably, despite repeated meet and confer discussions, Plaintiff has never provided Citi with any concrete information about the volume of her communications with or about Keegan and Gately. Although one would not expect Plaintiff to have voluminous personal communications with work colleagues, and thus any burden of production should be limited, if Plaintiff *does* have voluminous communications with these two individuals she accuses of repeated wrongdoing, that, too, would be probative of the nature of those relationships, and further underscore why Plaintiff should produce all such communications.

**Documents Concerning Plaintiff's External Activities Since November 2022 (Request No. 14)**. While Plaintiff has represented that she has no documents and communications concerning any *paid* employment since taking leave from Citi, ECF No. 53-5 at 2, she refuses to produce any documents reflecting any *volunteer* work or other work outside the home that she has performed since November 10, 2022, claiming that Citi is engaged in a fishing expedition and that such information, if it exists, is irrelevant. ECF No. 57 at 2. But Plaintiff's ability to work and function productively since November 2022 have squarely been placed at issue by her allegations and damages claims and are relevant topics for discovery. Plaintiff is claiming that Citi "seriously damaged" her, alleging that she "has difficulty focusing" and "is unable to follow through on basic tasks that she previously was able to accomplish with ease" and that Citi should be held responsible for, among other alleged injuries, "a 24-point drop in IQ and an alarming decline in her memory, executive function, and attention span." Am. Compl. ¶¶ 194, 196. Documents concerning Plaintiff's non-domestic activities since November 2022 will shed light on Plaintiff's claim that she is "incapable of returning to work," *id.* at ¶ 197, as well as her asserted injuries and potential damages, and should be produced. *Stamm* v. *New York City Transit Auth.*, 2011 WL 1315935, at *17 (E.D.N.Y. Mar. 30, 2011) (volunteer activities created "genuine issue of material fact regarding whether Plaintiff's mental impairments substantially limit her ability to work"); *see also*

---

concerning other individuals named in this Request. Disputes about those issues are not ripe, and Citi does not seek relief from the Court about them at this time.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                        3

*Carroll* v. *United States*, 295 F. App'x 382, 385 (2d Cir. 2008) (trial court correctly considered plaintiff's ability to "work at a reduced ability" in assessing damages).

   **Documents Concerning Plaintiff's Disclosure of Romantic Relationships with Other Citi Employees (Request No. 23)**.  In response to Request No. 23, Plaintiff has refused to produce documents concerning other romantic relationships she had with other Citi employees,[4] or even to confirm whether any such relationships exist, because she contends that such documents would be inadmissible under Federal Rule of Evidence 412.  ECF No. 57 at 2–3.  That position is legally incorrect and would improperly bar Citi from access to highly probative discovery.

   Citi's request seeks documents concerning Plaintiff's knowledge of and compliance with Citi's workplace policy requiring employees to disclose romantic relationships with other Citi employees, and is not directed at Plaintiff's propensity for certain behavior.  Rather, it is narrowly tailored to elicit facts directly relevant to Plaintiff's claims and to Citi's defenses.[5]  For example, Plaintiff alleges that she did not report Singh's alleged misconduct during their secret relationship prior to November 2022 because she feared retaliation from him.  If Plaintiff engaged in other workplace relationships that she also did not report, that fact would be directly relevant to assessing the credibility of her claim about Singh and whether her nondisclosure was truly driven by fear of retaliation from him.  This discovery is also central to Citi's defense that Plaintiff unreasonably failed to avail herself of Citi's policy requiring intraoffice relationships to be reported.  Moreover, to the extent other Citi employees were involved in undisclosed relationships with Plaintiff, those individuals would have highly relevant, firsthand information about Plaintiff's workplace experiences.  Plaintiff is the only source of this information, making discovery all the more critical.

   Given this, Rule 412 does not bar this discovery or the use of this evidence, but, in any event, any admissibility determination is premature and should be made at a later date if and when the evidence is presented to prove a proposition.  Permitting Plaintiff to invoke Rule 412 now given these facts would improperly convert an evidentiary rule into a discovery shield and cut off Citi's only access to highly probative information.  Courts reject that approach in similar circumstances.  *See Zakrzewska* v. *New Sch.*, 2008 WL 126594, at *2 (S.D.N.Y. Jan. 7, 2008) (allowing discovery of plaintiff's diary for period of alleged sexual harassment where "Defendants disclaim any intent to use the discovery . . . to prove plaintiff's sexual predisposition"); *Trooper 1* v. *N.Y. State Police*, 2024 WL 168326, at *5 (E.D.N.Y. Jan. 16, 2024) (similar).

   We appreciate the Court's continued attention to these matters.

---

[4] Plaintiff's ex-husband is a former Citi employee.  Plaintiff has agreed to produce documents concerning the disclosure of their relationship to Citi, if any, and to log documents with her ex-husband that are withheld pursuant to the marital communications privilege.  ECF No. 53-5 at 3.

[5] Plaintiff's position is also plainly inconsistent with her own discovery demands.  Plaintiff has served *numerous* requests seeking documents concerning romantic and sexual relationships between male and female employees in Markets—many of which Citi has agreed to produce.  *See, e.g.,* ECF No. 54-1, Plaintiff's RFP No. 58; ECF No. 55-4, Plaintiff's Proposed Searches 5 & 6.  Having affirmatively sought this category of discovery herself, Plaintiff cannot credibly maintain that similar discovery directed to her own workplace relationships is improper.

Respectfully submitted,

*/s/ Liza Velazquez*
Liza Velazquez

cc:    All counsel of record (by ECF)