UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ARDITH LINDSEY,

                         Plaintiff,                   23-CV-10166 (ALC)(SN)

           -against-                            **ORDER**

CITIGROUP GLOBAL MARKETS, INC.,

                         Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On Thursday, January 15, 2026, the parties appeared for a discovery conference to discuss the issues raised in the parties' joint letter submission. See ECF No. 66. In addition to the guidance provided to the parties from the bench, the Court makes the following rulings with respect to Plaintiff's proposed ESI searches, see ECF No. 68-1:

1. For Search No. 4 regarding the alleged objectification of female Citi employees, Defendant is ORDERED to run a hit report using the proposed search terms listed in footnote three. The hit report should be generated using the materials that Defendant has already collected.

2. For Search No. 5 regarding other allegations of assault, inappropriate relationships, and/or harassment, the parties are directed to continue to meet and confer about reasonable time limitations.

3. For Search No. 6 regarding complaints and Citi's response, the parties are directed to continue to meet and confer about reasonable time limitations and narrowly tailored search terms.

4. For Search Nos. 7 and 8 regarding the Bank's awareness of Singh's conduct and Singh's conduct towards Lindsey, respectively, Plaintiff's request to run searches from January 1, 2011, to the present is DENIED without prejudice. Plaintiff may propose more specific search terms and a narrower timeframe that specifically targets Singh's alleged misconduct towards Lindsey and the claim that Citi should have been aware of the alleged misconduct before the relationship began in 2017. The parties are directed to meet and confer regarding any narrowed searches that Plaintiff proposes with respect to Search Nos. 7 and 8.

5. For Search No. 9 regarding Lindsey's 2022 complaints and Citi's response, Citi objects to the timeframe going to the present. Citi's objection is sustained. The timeframe for Search No. 9 shall be limited to September 1, 2022, to December 31, 2022.

6. For Search No. 10 regarding Citi's alleged conduct and communications following Lindsey's complaints, Citi objects to the proposed search in its entirety. The parties are directed to continue to meet and confer about reasonable time limitations and search terms for the five remaining proposed custodians listed for Search No. 10.

7. For Search No. 12 regarding Lindsey's leave, Citi objects to the timeframe going to the present. Citi's objection is sustained. The timeframe for Search No. 12 shall be limited to November 1, 2022, to December 31, 2023.

Further, to the extent Defendant has not started producing materials to Plaintiff, Defendant is ORDERED to begin rolling productions immediately. Defendant is directed to meet and confer with Plaintiff regarding the source of the collected materials. Defendant is also ORDERED to produce to Plaintiff the questions from the 2024 Survey as soon as possible.

Moreover, as discussed during the conference, Plaintiff is ORDERED to file an affidavit affirming that she produced all communications with Mani Singh from all platforms and devices in her possession by no later than Thursday, January 22, 2026.

Finally, by no later than Friday, January 30, 2026, the parties are ORDERED to file separate status letters (not to exceed three pages) providing the Court with an update regarding the status of productions and whether there are any remaining disputes following the meet and confer process. After reviewing the parties' submissions, the Court will determine whether another discovery conference would be productive.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    January 20, 2026
          New York, New York