# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

February 13, 2026

Re:  Lindsey v. Citigroup Global Markets, Inc., 1:23-cv-10166 (ALC)(SN) (S.D.N.Y.)

Dear Judge Netburn:

We write on behalf of Defendant Citigroup Global Markets Inc. ("Citi") to: (i) seek an order directing Plaintiff to provide information necessary to determine whether any of her 2017-22 communications with Mr. Singh are recoverable; (ii) provide a status update on the parties' ESI negotiations; and (iii) request that the Court authorize additional time for Plaintiff's deposition.

**I. Plaintiff Needs to Assist in Recovering Critical Communications with Singh for 2017-22.** At the January 15, 2026 Court conference, in response to Citi's renewed request for prompt production of one-on-one messages between Plaintiff and Singh, Plaintiff's counsel disclosed—for the first time—that Plaintiff had no such communications for the 2017-2022 time period during which the relationship existed. **Ex. 1** (Jan. 15, 2026 Conf. Tr.) at 54–55. This disclosure contradicted prior, express representations by Plaintiff's counsel to this Court. *See, e.g,* **Ex. 2** (Dec. 10, 2025 Conf. Tr.) at 44:6–11 (explaining that Plaintiff's delayed production of such messages is because there were "tens of thousands of documents . . . including many, many, many documents that reflect exchanges with Mr. Singh"); ECF No. 57 at 1 (opposing Citi's motion to compel these communications as "neither ripe nor necessary" because Plaintiff merely "needs additional time because of the significant volume of electronic documents" and "[a]s previously represented to [Citi], Plaintiff forensically imaged her electronic devices . . . [which] yielded an excess of 60,000 documents (hundreds of thousands of pages) that Plaintiff needs to search.").

Since the January 15 conference, Citi has repeatedly engaged with Plaintiff's counsel seeking basic information necessary to understand whether these communications can be recovered, to no avail. *See* **Exs. 3-5** (showing Citi's Jan. 16, Jan. 23, and Feb. 11 emails, among others, to Plaintiff on this issue). Plaintiff's declaration (ECF No. 76), which states that her "primary communications" with Singh were through WhatsApp with a 24-hour auto-deletion feature enabled and that she consulted with a forensic expert about recovering those messages (*id.* at ¶¶ 2, 6), raises more questions than it answers. Plaintiff does not explain when she and/or Singh decided to enable the auto-delete feature, what happened to the messages sent prior to that point,[1] what devices she used, what the forensic consultation entailed or when it occurred, or if any responsive data exists or existed on iCloud or other third-party repositories.

Nearly a month after Citi's initial requests for such information, Plaintiff responded only *last night* by letter, refusing to answer any of Citi's inquiries. Plaintiff's sole—and plainly insufficient—proposal in that letter[2] is to allow an independent forensic examiner access to an

---

[1]  WhatsApp's disappearing messages feature was released in November 2020. *See* WhatsApp Blog, *Introducing Disappearing Messages On WhatsApp*, Nov. 5, 2020, https://tinyurl.com/yc5urt76 (provided at **Ex. 7**). The 24-hour disappearing messages feature that Plaintiff references was only rolled out in December 2021, several years after their relationship began in 2017. *See* WhatsApp Blog, *More Control and Privacy with Default Disappearing Messages and Multiple Durations*, Dec. 6, 2021, https://tinyurl.com/3deyw2mj ("This new feature . . . does not change or delete any of your existing chats.") (provided at **Ex. 8**).

[2]  Plaintiff's letter references a confidential proposal and, accordingly, is not appended.

undated prior forensic image of a single device (despite Plaintiff's prior representations to this Court that she "forensically imaged" multiple "electronic devices," ECF No. 57 at 1 n.1), at Citi's expense, and only on the condition that Citi agree to drop further inquiry into this critical issue.

Communications between Ms. Lindsey and Singh during the period of their relationship are key evidence in this action. They bear directly on the nature of that relationship, which Plaintiff alleges was abusive from the outset, and on Plaintiff's role in concealing the relationship from Citi. Given the importance of these communications to the litigation, requiring disclosure of information concerning Plaintiff's devices and the missing messages is proper. Courts permit such discovery where there is an "adequate factual basis to justify" it, particularly when it "furthers the goal of transparency in electronic discovery." *CBF Industria de Gusa S/A* v. *AMCI Holdings, Inc.*, 2019 WL 3334503, at *17-18 (S.D.N.Y. July 25, 2019) (internal quotations omitted). As Citi has done here, providing "specific examples of [the producing party's] deficient production," such as identifying "documents that once existed, but apparently no longer exist," is sufficient to meet this standard. *Id.* at 18 (internal quotations omitted).

Citi therefore requests that the Court compel Plaintiff to provide: (1) a list of all personal devices used to communicate with Singh from 2017 to 2022, identifying which remain in her possession or control; (2) information regarding any backups of those devices during that period; (3) details about the forensic collection efforts that "yielded an excess of 60,000 documents," ECF No. 57, at 1 n.1; (4) information about whether the efforts Plaintiff made, in consultation with a forensic expert, to determine if the "disappeared" messages could be recovered, as stated in her January 22 declaration, included attempts to recover responsive information from cloud-based or third-party services or her cellular provider(s); and (5) the actual devices used to communicate with Singh that remain in Plaintiff's possession or control—and, at a minimum, all devices containing relevant data that were presumably secured upon counsel's retention in 2022—along with all prior forensic images of Plaintiff's devices, for prompt examination by an independent forensic expert (as Plaintiff suggests) to assess recoverability. *See Schreiber* v. *Friedman*, 2017 WL 11508067, at *5 (E.D.N.Y. Aug. 15, 2017) (collecting cases ordering imaging and forensic inspection based on discrepancies and inconsistencies in discovery responses).

**II. Citi has Agreed to Extensive Additional Discovery; No Further ESI Is Warranted.** On January 22, Plaintiff sent Citi an ESI Counter-Proposal, responding to Citi's December 18 ESI proposal. In it, Plaintiff again sought to substantially expand discovery, requesting that at least a dozen *additional* searches be run for periods *well beyond* the eight years this Court deemed appropriate,[3] including multiple searches spanning *over a decade* each. Plaintiff also rejected Citi's efforts to limit certain searches to relevant custodians or to apply reasonable proximity constraints.[4] Plaintiff's ESI Counter-Proposal also introduced significant additional complexity by requiring that Citi run each search term within a single search group across different custodians and time periods, and certain search terms across multiple different time periods.

Despite the substantial and disproportionate burden imposed by Plaintiff's January 22 ESI Counter Proposal—which results in many hundreds of thousands of document hits—Citi has

---

[3]   That is January 1, 2007 to December 31, 2008, and January 1, 2017 to November 30, 2022.

[4]   As the Court acknowledged, a within 50 proximity limiter, as Plaintiff requests for many searches, is exceedingly broad. **Ex. 1** at 42:12-18; 46:5-7.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                                                                    3

undertaken significant efforts to accept most of Plaintiff's proposed searches, subject to necessary edits, so that the parties can meaningfully move forward with discovery.[5] Citi has now agreed to run *more than* one hundred search strings and to search 28 custodians for an approximately eight year time period. Citi has also agreed to run 18 different searches *outside* of the core 8-year period, including searches from 2007 to 2022, 2007 to 2018, and 2011 to 2022, over some 16 custodians. *See* **Ex. 6**. Indeed, despite this Court's directive that discovery "needs to be narrowed to specific events that [Plaintiff] is aware of that affected her" (**Ex. 2** at 23:15-16), Plaintiff has insisted on—and Citi has now agreed to run—even *broad, untethered search terms* such as "lesbian OR gay" (for over 10 years), "stalker" (8 years), "bait" (8 years), and "massage" (8 years). Citi has further agreed to search for additional documents on a "go-get" basis, including searches of Citi's complaints databases. This is more than sufficient for this single-plaintiff case and should conclude Citi's document discovery obligations.[6]

With respect to this Court's orders (*see* ECF No. 75), Citi has already made three document productions since the January 15 hearing even though search terms are not yet finalized. Citi also provided Plaintiff the questions from the 2024 Markets survey and engaged further regarding the survey's contents. While Citi maintains that the survey has no probative value for this case due to, among other reasons, its time period (over a year after Plaintiff went on leave) and the fact that the responses are anonymous, contain no gender information, did not require location identification, and are largely answered on an agree/disagree basis, *see* ECF No. 66 at 6 n.27, ECF No. 55 at 3-4, Citi nonetheless produced to Plaintiff the responses to the 2024 Markets survey for the minority of respondents who self-identified as being in New York. Nothing further is warranted.

**III. Citi's Prior Request for a 14-hour Deposition of Plaintiff Should Be Granted.** The Court previously deferred ruling on this request in light of the then-early stage of discovery. **Ex. 2**, 48:13-22 (deferring ruling). Citi respectfully requests that the Court authorize a 14-hour deposition so that Citi may appropriately plan for and schedule Plaintiff's deposition, which will be the first deposition. Under Fed. R. Civ. P. 30(d)(1), additional time is warranted where it is "needed to fairly examine the deponent." That standard is readily met here. Plaintiff alleges dozens of incidents spanning over two decades and names a large number of current and former Citi employees. Many of Plaintiff's alleged harms can be explored only through her testimony. Moreover, the absence of communications between Plaintiff and Singh over the five-year period of their relationship necessitates more extensive questioning regarding the nature of that relationship and related allegations. *See* ECF No. 53 at 5 (Citi's prior letter citing authority for expanding deposition time). The pace of Plaintiff's deposition is also expected to be slower than usual,[7] which further supports the need for additional time to ensure a complete examination.

---

[5] For the Court's benefit, attached as **Ex. 6** is Plaintiff's January 22 ESI Counter-Proposal with Citi's proposed revisions in blue, which crystalizes the extensive discovery Citi has agreed to.

[6] Citi is conferring with Plaintiff on Plaintiff's productions and non-party discovery, and will present any related issues to the Court when ripe.

[7] ECF No. 57 at 5 n.18 ("The parties also will need to discuss accommodation of Plaintiff's disabilities which make it impossible for her to participate in seven hours of deposition on a single day.").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP 4

Respectfully submitted,

*/s/ Liza Velazquez*
Liza Velazquez
cc: All counsel of record (by ECF)