# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

February 19, 2026

      Re:    *Lindsey* v. *Citigroup Global Markets, Inc.*, 1:23-cv-10166 (ALC)(SN) (S.D.N.Y.)

Dear Judge Netburn:

      We write on behalf of Citigroup Global Markets Inc. ("Citi") in reply to Plaintiff's February 13 letter, ECF 83.

      *First,* Citi's request for information to aid the parties in recovering Plaintiff's messages with Singh during their 2017–2022 romantic relationship is entirely proper, and Plaintiff's arguments to the contrary lack merit. Citi is not, as Plaintiff contends (ECF 83 at 1, n.2), seeking information that is not reasonably accessible or would be unduly burdensome to provide under Rule 26(b)(2)(B). Rather, Citi's five requests seek information that is either already known, or readily available, to Plaintiff. ECF 84 at 1–2. Indeed, Citi's request for an independent forensic examination mirrors a proposal Plaintiff herself advanced, albeit inexplicably limited to an undated forensic image of a single device. Under these circumstances, the "good cause" standard Plaintiff invokes to withhold the basic information and cooperation Citi seeks simply does not apply.[1]

      Even if good cause applies, it is satisfied. Plaintiff cites *Lam* v. *State Street Corp.* for the proposition that "mere speculation" as to the existence of unproduced materials is insufficient, but *Lam* is clear that further discovery is warranted if the unproduced documents are relevant and clearly existed. 2025 WL 834885, at *3 (S.D.N.Y. Mar. 17, 2025) (citing *Zubulake* v. *UBS Warburg LLC*, 217 F.R.D. 309, 313 (S.D.N.Y. 2003)). Plaintiff does not dispute that her communications with Singh over the course of their six-year relationship are relevant or existed. ECF 76 ¶ 2. As it is indisputable that basic information about Plaintiff's devices, backups, recovery efforts, and forensic imaging would materially assist the parties in determining whether highly relevant messages can be collected, the Court should direct Plaintiff to provide the necessary information and cooperate in an independent forensic examination without further delay.

      *Second*, as to Citi's negotiation and production of ESI, as Citi explained in its letter (ECF 84), it has agreed to extensive ESI discovery. None of the "concerns" Plaintiff raises in her letter regarding Citi's ESI search and production have merit or are ripe for the Court's resolution:

      ***Producing documents pursuant to Citi's responses and objections to Plaintiff's RFPs ("R&Os").*** As Citi has informed Plaintiff throughout the parties' negotiations, Citi will review documents hitting upon the parties' agreed-upon search terms, and produce documents responsive to Citi's R&Os *as amended by* subsequent negotiations among the parties. To be clear, Citi views the parties' ESI agreements as amending any conflicting R&Os, which were served before the parties conferred on Plaintiff's proposed ESI.[2] As to the specific questions Plaintiff raises: (a) for

---

[1] *See Stephens Inc.* v. *Flexiti Fin. Inc.*, 2019 U.S. Dist. LEXIS 127896, at *5 (S.D.N.Y. July 31, 2019) ("[g]iven the proximity in time of the deletion of the emails and the commencement of this action, and the potential relevance of the emails, the Court finds that there is an adequate factual basis to explore the process in place for deleting/preserving the emails…whether there is any possibility of recovering any…emails.").

[2] Citi will, of course, review documents hitting upon the search terms for responsiveness, as is standard practice and consistent with the law. *See, e.g., United States for Use & Benefit of M. Frank Higgins & Co.* v. *Dobco Inc.*, 2023 WL 5302371, at *4 (S.D.N.Y. Aug. 17, 2023) (defendant "is entitled to review its documents to ensure that they are responsive to the discovery demands even if they hit on one or more of the parties' agreed-upon search terms."); *see also* Fed. R. Civ. P. 26, 34.

*Search 5*, Citi will produce documents, if any, reflecting the alleged incidents and/or relationships referenced in search 5;[3] (b) for *RFP 29*, Citi will produce communications, if any, between or among the custodians agreed upon in search 9[4] concerning the allegations in the Amended Complaint; (c) for *RFP 73*,[5] Citi will produce documents, if any, that evidence the agreed-upon custodians attending strip clubs with other Citi employees or clients; (d) for *RFP 57*, as stated in response to Plaintiff's RFP 56, Citi will produce documents, if any, "sufficient to show Plaintiff's preparation of the Citi University Knowledge Block for Electronic Markets" video and will "assess if there is an accessible way to readily determine" the number of times, if any, Sutton or Keegan viewed the video; and (e) for *RFP 82*, Citi will produce documents, if any, regarding the alleged dinner involving Gately and a masseuse referenced in paragraph 70 of the Amended Complaint.

**Overall burden assessment**. Because the ESI search terms, custodians, and time periods were in flux, Citi was unable to assess the collective burden, and correspondingly reserved its right to amend ESI if necessary. Given Plaintiff's representation (ECF 83 at 2) that she agrees to the terms in Citi's Proposal (at ECF 84-6) with her edits to search 7, and assuming Plaintiff does not make more ESI requests, Citi agrees to limit further edits to the ESI searches.[6]

**Search 7 search string**. Plaintiff never responded to Citi's proposal (*see* ECF 83-1 at 18–19) and yet raised the issue here. Citi agrees to the "/25" limiter for the specified search string.

**Citi employees' personal devices**. Plaintiff's demand that Citi be "ordered to run searches on the personal devices of relevant supervisors" (ECF 83 at 3) is premature as the parties have not yet met and conferred on the issue. Plaintiff's request is also unwarranted as Plaintiff has made no showing that the individuals at issue here—all of whom are non-parties—are likely to have relevant information uniquely on their personal devices.

As an initial matter, the only document custodians still at Citi that could be considered "supervisors" to Plaintiff or Singh are Belbachir and Pauwels.[7] Plaintiff has provided nothing to suggest that either corresponded regarding any of the events in question on their personal devices, let alone that such communications would be uniquely stored there. While Plaintiff points to her production as supposedly "reflecting such discussions" (*Id.* at 2–3), in fact, Plaintiff has not produced a single document reflecting correspondence on personal devices with either Belbachir or Pauwels. Indeed, it is against Citi policy to conduct work-related communications on personal applications on personal devices.[8] Courts routinely reject requests for ESI from employees' personal devices where, as here, the party seeking such discovery has not made a showing that the

---

[3] As to the searches referencing Michiko Hiranuma and Lucy Zhang Vanbriesen (ECF 84-6 at 8, n.13), Citi's agreement to produce documents concerning these alleged incidents is subject to Plaintiff confirming that the incidents are ones of gender-based discrimination or retaliation that Plaintiff was aware of prior to Nov. 2022.

[4] These are Gately, Tsirlin, Keegan, Dunn, Funk, and Belbachir. *See* ECF 84-6 at 15–16.

[5] Plaintiff's letter refers to RFP 34, ECF 83 at 2, but based on the description, Plaintiff appears to reference RFP 73.

[6] Citi notes, however, that data for certain custodians is still processing. To the extent this or another unanticipated issue presents a burden, Citi will meet and confer with Plaintiff, as Citi has done to date.

[7] The other custodians who remain at Citi are Funk, Buckley, Habib, Dunn, Roti, and Chung. None of these individuals is a "relevant supervisor," nor has Plaintiff made a showing that they are likely to have corresponded regarding relevant events on their personal devices. Thus, discovery into their personal devices would be similarly unwarranted.

[8] If Citi employees conduct business on their personal devices through Citi approved applications, such as Outlook, that data is retained on Citi servers and is part of the ESI Citi is searching as part of ESI discovery in this case.

employees at issue used their personal devices for work-related communications, and that such communications would be uniquely found on those devices. *See, e.g., Precision Med. Grp., LLC* v. *Blue Matter, LLC*, 2020 WL 7352509, at *3–4 (S.D.N.Y. Dec. 15, 2020); *Owen* v. *Elastos Found.*, 2023 WL 2537287, at *3 (S.D.N.Y. Mar. 16, 2023) (rejecting plaintiff's request to search employee's personal email account where court was "not persuaded that [the employee] used his Personal Google Account to conduct [company] business"); *Volpe* v. *Ryder*, 2022 WL 4329475, at *4 (E.D.N.Y. Sept. 19, 2022) (in order to require search of text messages on defendant's personal cell phone, "some evidence that [defendant] used his personal cell phone for work or work-related texts is required"); *Robert W. Gordon, Esq.* v. *City of New York*, 2016 WL 3866585, at *3 (S.D.N.Y. July 13, 2016) ("The plaintiff contends that the defendants neglected to search . . . the personal devices of custodians . . . . While these sources might contain some relevant information, the chances that such information would be unique and unavailable from other sources are slight. There is little suggestion that [defendant's] personnel used personal devices to communicate about official business, let alone that such communications were transmitted over personal devices exclusively."). Indeed, Plaintiff's cited cases expressly acknowledge that a party seeking ESI from personal devices must provide "justification for [her] suspicion that relevant [messages] may be contained" there. *Smith* v. *Pergola 36 LLC*, 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022); *Galvan* v. *Rolling Lawns, Inc.*, 2025 WL 618558, at *2–3 (S.D.N.Y. Feb. 26, 2025).

Plaintiff has made no showing, let alone a sufficient one, that Belbachir or Pauwels (or any of the employees potentially at issue, *see supra* n.7), are likely to have non-duplicative evidence relevant to Plaintiff's claims on their personal devices. Collecting and imaging these employees' personal devices, two of whom reside in the UK (Belbachir and Pauwels), would also be highly burdensome. Accordingly, Plaintiff's request for ESI from personal devices should be denied.

*2024 Markets culture survey*. Notwithstanding the fact that the 2024 culture survey in Markets (a) was not specifically about gender discrimination or gender issues; (b) was answered anonymously; (c) contains no information on the gender of respondents; and (d) is largely answered on an agree/disagree basis, Citi has already produced to Plaintiff the raw survey data responses for all survey respondents who identified as being in New York. Citi's production of the survey data is well beyond what the Court ordered,[9] and obviates any further dispute regarding the survey, particularly as Plaintiff has made no showing that further ESI searches are necessary or would turn up relevant information beyond what Citi has already produced.

*Citi's Productions*. Plaintiff's accusations of "delay" are absurd. Any categories of documents not yet produced reflect the parties' continued negotiations over many ESI searches, Plaintiff's continually expanding and shifting requests, and Plaintiff's *express* instruction that "to the extent searches have not been agreed on, Citi should wait to run them until there is agreement or the issues are resolved by the Court." **Ex. 9** (Jan. 27, 2026 Iadevaia Email) at 1. Notwithstanding this, since the Court's Jan. 20 Order, Citi has made three additional productions totaling over 7,000 pages and, to date, has made six productions totaling nearly 12,000 pages. As to the specific topics Plaintiff raises—documents concerning a social relationship between Singh and Tim Gately after Singh's resignation, compensation of certain Managing Directors, and a purported assault of a junior woman by Evans (which Plaintiff first raised on Jan. 27)—Citi provided Plaintiff with a proposal on February 2 but Plaintiff has not responded. Citi stands ready to finalize the search terms so it can compile the population of documents and proceed with review.

---

[9] *See* ECF 75 at 2 (ordering Citi to produce "the questions from the 2024 Survey").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP 4

Respectfully submitted,

*/s/ Liza Velazquez*
Liza Velazquez
cc:     All counsel of record (by ECF)