# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Liza Velazquez**
**Direct Dial:** +1 212 373 3096
**Email:** lvelazquez@paulweiss.com

March 10, 2026

Chief Magistrate Judge Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re:  *Lindsey* v. *Citigroup Global Markets, Inc.*, 1:23-cv-10166 (ALC)(SN) (S.D.N.Y.)

Dear Judge Netburn:

  We represent Citigroup Global Markets Inc. in the above-captioned action and write on behalf of both parties.

  Pursuant to Fed. R. Civ. P. 16(b)(4) and Your Honor's Individual Practice Rule I.B., the parties respectfully request that the Court modify the Civil Case Management Plan & Scheduling Order in this action (ECF No. 33) (the "Scheduling Order") for the reasons set forth below.

  This action concerns allegations over a 20-year period concerning dozens of individuals. As this Court is aware, the parties reached agreement on search terms recently at the February 26 discovery conference, following extensive negotiations and motion practice concerning the appropriate scope of ESI custodians and searches. *See, e.g.*, ECF Nos. 83, 84 (raising ongoing discovery disputes in status letters to Court); 85 (ordering discovery conference on Feb. 26, 2026).

  In parallel, the parties are also pursuing discovery from numerous non-parties—including former Citi employees, witnesses who Plaintiff has identified as having relevant information, and Plaintiff's medical providers—much of which remains ongoing. Once document discovery is substantially complete, the parties anticipate a significant number of depositions, many of which will require coordination with the schedules of non-party witnesses.

  Given these complexities, the parties believe that additional time is needed to complete discovery in a logical, efficient, and orderly manner. Courts have discretion, upon a showing of good cause, to grant leave to amend a scheduling order. *Scott* v. *Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014) (Netburn, J.); *Grochowski* v. *Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("A finding of good cause depends on the diligence of the moving party.").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                                    2

This is the parties' first request for an extension of the deadlines set in the Scheduling Order. The parties respectfully request that the Court enter an order modifying the Scheduling Order as set forth below:

| Event | Current Date | Proposed Schedule |
|---|---|---|
| Completion of Fact Discovery | April 17, 2026 | June 16, 2026 |
| Disclosure of expert evidence as required by Rule 26(a)(2)(A), (B) or (C), including the identities and reports of experts | May 18, 2026 | July 17, 2026 |
| Disclosure of expert evidence intended by a party solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party | June 17, 2026 | September 15, 2026[1] |
| Completion of Expert Discovery | July 17, 2026 | October 15, 2026 |
| Pre-Motion Summary Judgment Letters Due | August 3, 2026 | October 29, 2026 |

Respectfully submitted,

*/s/ Liza Velazquez*
Liza Velazquez

cc:    All counsel of record (by ECF)

---

[1]   The parties respectfully request an expansion of time for rebuttal expert discovery from 30 to 60 days, given the anticipated scope of expert discovery.