```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3/11/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ARDITH LINDSEY,

                        **Plaintiff,**                          23-CV-10166 (ALC)(SN)

      -against-                                       **ORDER**

CITIGROUP GLOBAL MARKETS, INC.,

                        **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        Plaintiff filed a request to compel Defendant to produce additional information concerning Citi's internal 2024 survey of its Markets employees (the "2024 Survey"). See ECF Nos. 83, 90. Plaintiff seeks all survey responses and for Defendant to run additional ESI searches concerning Citi leadership's response, if any, to the survey data collected. See ECF No. 90.

        Although the Court previously limited discovery for the period after November 2022, it ordered Defendant to produce the 2024 Survey questions. In addition to the questions, Defendant also produced the 2024 Survey responses for 295 individuals who self-identified as working in the New York office. In seeking further discovery, Plaintiff identified nine sample responses. One response mentioned the Plaintiff, and another response accused a male individual of harassment and discrimination; other responses, however, referred more generally to the absence of women in leadership, pay equity, and a poor workplace culture.

        Further disclosure is not warranted. First, the 2024 Survey covered employees in numerous offices, including outside the United States. Thus, responses that reflect workplace conditions outside of New York carry little probative weight. Similarly, many of the employees

that Plaintiff has accused of inappropriate workplace conduct left Citi years before the 2024 Survey and therefore the people she contends fostered a harassing or discriminatory workplace would not be the subject of these responses. Finally, given that the 2024 Survey is anonymous, individual statements, taken out of any context, risk being unfairly used without a sufficient foundation. Indeed, the Court struggles to predict how an unattributed statement of gender inequity or workplace culture could be relied upon by a fact finder in this case.

Plaintiff's request for ESI searches concerning the 2024 Survey is equally unavailing. Plaintiff has received substantial discovery, including regarding numerous allegations of workplace misconduct and management's response to those allegations. What, if anything, management discussed in response to the 2024 Survey is denied for the same reasons the Court previously denied post-November 2022 discovery.

## CONCLUSION

Plaintiff's request for additional discovery related to the 2024 Survey is DENIED. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 83, 86, and 90.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: March 11, 2026
New York, New York