# VRC | V L A D E C K   R A S K I N   C L A R K P.C.

Jeremiah Iadevaia
212-403-7323 (o)
347-880-2673 (m)
jiadevaia@vladeck.com

May 11, 2026

Chief Magistrate Judge Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   Lindsey v. Citigroup Global Markets, Inc.,
 1:23-cv-10166 (ALC)(SN) (S.D.N.Y.)

Dear Judge Netburn:

We represent Plaintiff Ardith Lindsey ("Plaintiff") in the above litigation against Citigroup Global Markets, Inc. ("Citi" or "Defendant"). We write pursuant to the Court's Rule I(B) to request a 45-day adjournment of the June 16, 2026 fact discovery cutoff.[1] Plaintiff also writes pursuant to Rule II(B) concerning the  allocation of  the deposition time for each of three former Citi executives who are now non-party witnesses. Plaintiff seeks an order that Citi provide long-requested documents reflecting its ability to secure voluntary interviews with those individuals; such production is essential to a fair allocation of deposition time.

Given the immense and extended process of document production, Plaintiff's agreement to Citi's request for 14 hours for her deposition, and the parties' joint agreement to each side's conducting up to 15 depositions, that brief extension is necessary to make discovery completion possible.  As Your Honor may recall and as the Court has recognized,[2] Plaintiff's claims extend throughout more than  15 years of her employment at Citi and involve evidence of a hostile environment affecting a significant number of Defendant's female employees. A brief recounting of the discovery process demonstrates that Citi's opposition to this short extension is meritless.

I.      Citi Delayed its Massive Document Production to
         Pressure an Unachievable Discovery Timetable

As Your Honor is aware, it took the parties a number of months and repeated conferences finally to agree on search terms in late February 2026 (Feb. 26, 2026 Tr. at 2-3, attached as Exhibit A); as the Court had stated previously: "[I]f we don't have the documents, I don't think those depositions can begin." (Dec. 10, 2024 Tr. at 19, attached as Exhibit B). On March 12, 2026, Citi proposed for the first time conducting Plaintiff's deposition for 14 hours to take place over both April 14 and 15.[3] On March 21 and March 26, Citi produced a total of 30,528 pages of documents

---

[1] Fact discovery in this matter originally was set to close on April 17, 2026. (ECF 33). There has been one subsequent agreed upon request for an extension to June 16, 2026 which was granted. (ECF 103) The parties have met and conferred both in writing and most recently today by telephone in an effort to resolve their disagreement on this extension request and on the division of deposition time for the former Citi executives.

[2] Lindsey v. Citigroup Global Markets Inc., 2025 WL 2781281, at *5 (S.D.N.Y. Sept. 30, 2025).

[3] Citi served its original notices for Plaintiff's deposition in November 2025, when only written document requests and objections had been exchanged.

111 Broadway, Suite 1505, New York, New York 10006 ▪ (p) 212-403-7300 ▪ (f) 212-221-3172

#1043787

Hon. Sarah Netburn
May 11, 2026
Page 2

and on Friday, April 10, one weekday before Citi sought to depose Plaintiff, Defendant produced another 14,451 pages of documents.

Plaintiff objected to the deliberately impossible schedule that Citi sought to impose and reminded Defendant that Plaintiff's ongoing cognitive issues made it unworkable for her to participate in seven-hour depositions on two consecutive days. The parties then entered into negotiations during which Plaintiff agreed to 14 hours for her deposition scheduled in four-hour segments on May 4, 5 and 6 and a concluding two-hour segment on May 8. Obviously, the same cognitive limitations required counsel to schedule Plaintiff's preparation for that deposition and review of Citi's massive document production over a longer period than would otherwise have been necessary.

The parties also agreed that each side could conduct up to 15 depositions. So far there are three agreed deposition dates for the former Citi executives subpoenaed by both sides; seven additional non-party depositions including of Plaintiff's mother, brother, sister-in-law and two closest friends noticed by Citi; and Plaintiff's 12 additional Citi employee and non-party depositions, primarily for female current and former Citi employees who experienced a biased environment like that alleged by Plaintiff.

In addition, on My 8, Citi informed Plaintiff that it expects a two-day unilateral extension of the discovery period to conduct a Rule 35 independent medical examination of Plaintiff. Citi will also seek a Court ruling for more time for Plaintiff's deposition beyond the 14 hours conducted last week and the three-hour ESI-related deposition. During the parties' exchanges on those issues, Citi has been unable to articulate any plausible justification for these one-sided extensions; accordingly, Plaintiff will await Citi's letter motion on those issues to respond specifically.

II.     Defendant's Objections to a Discovery Extension Are Baseless.

Contrary to Citi's primary objection that an extension is unnecessary (see Citi email attached as Exhibit C), simple math establishes that the parties cannot complete the 22 noticed depositions in the 26 workdays (including the June 3, 2026 mediation) that remain between the conclusion of Plaintiff's deposition and the current June 16 discovery cutoff. Citi also falsely contends that any delay is attributable to Plaintiff and that it had made "substantial completion of document discovery by the end of March." As shown above, Citi's April production was extensive, and Citi has continued to produce materials thereafter up to and including hundreds of pages on May 1 and during the week of Plaintiff's deposition. By contrast, Plaintiff produced a total of 4673 pages of documents by April 1; an additional 4462 pages by May 1; and a dozen pages during the course of Plaintiff's deposition last week.[4] Thus, Plaintiff is hardly single-handedly responsible for the flood of documents in this case. Citi's final meritless objection to this limited extension is that Plaintiff excessively delayed in agreeing to proffered deposition dates for third party depositions; in fact, Citi on May 8 and Sunday, May 10, first provided or requested specific dates for those friend and family member depositions.

Because this short extension will make it possible for both parties to conduct the agreed number of depositions, to resolve the remaining document production issues, to compile privilege

---

[4] In order to identify and produce these documents, Plaintiff collected and ran searches on over 300,000 documents; reviewed over 40,000 documents that were responsive to the search terms, and ultimately, has produced over 14,000 pages of documents to date.

#1043787

Hon. Sarah Netburn
May 11, 2026
Page 3

logs, and to consider post-deposition follow-up document requests, Plaintiff respectfully requests that the extension be approved.

III.    Citi Has Long Withheld Information Essential to a Fair
        Allocation of Deposition Time for its Former Executives.

Last week, Citi demanded an equal division of the seven-hour deposition time for each of its former executives, all Plaintiff's former supervisors and all critical witnesses in this matter: Daniel Keegan ("Keegan"), Tim Gately ("Gately"), and Mani Singh ("Singh"). Such a division is unfair on its face given the strong likelihood that Citi has had continuing access to these former high-level employees since their departures and Citi repeatedly refused to produce discovery that would reveal that access.

In her first request dated July 31, 2025 Plaintiff asked for documents concerning post-termination agreements and compensation for Gately and Keegan (Request Nos.129 and 130), and concerning Citi's efforts to secure cooperation in this litigation from Singh. (Request No. 134). Plaintiff addressed Citi's failure to produce such materials in her letter dated October 27, 2025 and then again in an email on March 23, 2026 citing authority demonstrating Plaintiff's entitlement to those materials. See, e.g., MF Global Holdings Ltd. V. PricewaterhouseCoopers LLP, 232 F. Supp. 3d 558, 568 (S.D.N.Y. 2017) (cooperation agreements may be used as evidence of bias); City of Almaty, Kazahkstan v. Ablyazov, 2018 WL 11270086, at *2 (S.D.N.Y. July 13, 2018 (" As . . . Plaintiffs have a cooperation agreement with [the non-party witness], Plaintiff have an advantage in terms of getting information from [him].").

Citi continues to refuse to provide these documents that would reflect Citi's ability to interview these former executives without regard to any deposition; Citi refuses further to advise Plaintiff whether Defendant has had the opportunity to do so. Accordingly, it is impossible for Plaintiff to assess Citi's demand that Plaintiff truncate her deposition time with former Citi executives from whom Citi could have required an unspecified amount of informal discovery.

Accordingly, Plaintiff respectfully requests that Citi be ordered to produce these long-requested materials and pending that production, that she be allocated the full seven hours for Keegan's deposition, scheduled for this Friday, May 15, with additional time, if any, for Citi dependent on its ability to have required informal discovery from him. Plaintiff also requests that the Gately and Singh depositions, set for next month, be scheduled in the same manner.

                              Respectfully submitted,
                                      /s
                              Jeremiah Iadevaia


cc:     All counsel of record (by ECF)

#1043787