PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K Street, NW
Washington, DC 20006-1047
+1 202 223 7300

**Lina Dagnew**
**Direct Dial:** +1 202 223 7455
**Email:** ldagnew@paulweiss.com

New York
Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Wilmington

May 12, 2026

**By ECF**

Chief Magistrate Judge Sarah Netburn
United States District Court for the Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

Re:    *Lindsey* v. *Citigroup Global Markets, Inc.*, 1:23-cv-10166 (ALC)(SN) (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to this Court's Individual Rule III.E and Paragraph 12 of the Stipulated Protective Order (ECF No. 43), Defendant Citigroup Global Markets Inc. ("Citi") respectfully submits this letter to request that its forthcoming letter seeking leave for additional time to depose Plaintiff Ardith Lindsey be filed under seal.

Citi's forthcoming letter includes detailed discussion of Plaintiff's deposition testimony, including quotes and excerpts thereof, all of which was designated "Confidential" under the parties' Protective Order (ECF No. 43). Sealing is appropriate under *Lugosch* v. *Pyramid Co. of Onondaga*, because Citi's letter contains sensitive personal information concerning the parties and unrelated third parties and is being submitted to the Court in connection with a discovery dispute—namely, whether good cause exists to permit additional deposition time—and not in connection with any dispositive motion. 435 F.3d 110, 121 (2d Cir. 2006); *see also Stern* v. *Cosby*, 529 F. Supp. 2d 417, 421–22 (S.D.N.Y. 2007) (deposition transcripts and videotapes generated in discovery were not "judicial documents" entitled to a presumption of public access where deposition materials involved privacy interests and were submitted only in connection with a discovery dispute); *SEC* v. *TheStreet.Com,* 273 F.3d 222, 233 (2d Cir. 2001) (sealed transcripts of pretrial deposition testimony were not "judicial documents" subject to a presumption of public access); *United States* v. *Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) (document containing references to "discovery material[] filed with the court in connection with discovery-related disputes" is not a judicial document entitled to a presumption of public access); *Nichols* v. *Noom Inc.*, 2021 WL 857352, at *1 (S.D.N.Y. Mar. 8, 2021) (holding that documents "merely filed in order to advise the court and 'tee up' certain discovery disputes between the parties that required judicial intervention" were not judicial documents); *Brown* v. *Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (finding that "the presumption of public access in filings submitted in connection with

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                                    2

discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment").

Confidentiality is particularly critical in cases involving allegations of sexual harassment. *See Trooper 1* v. *New York State Police,* 2024 WL 1349122, at *3 (E.D.N.Y. Mar. 29, 2024) (emphasizing that, "[g]iven the sensitive nature of the sexual harassment allegations in this case— and the significant amount of personal discovery . . . from non-party witnesses— . . . the parties and non-parties must have the ability to rely on the confidentiality order," and holding that deposition transcripts submitted in connection with discovery disputes are not judicial documents entitled to a presumption of public access).

Plaintiff has not stated her position on this motion. Citi thanks the Court for its consideration.

Respectfully submitted,


*/s/ Lina Dagnew*
Lina Dagnew

cc:    All counsel of record (by ECF)