UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ARDITH LINDSEY,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___ 5/19/2026 ___

               **Plaintiff,**

     -against-

CITIGROUP GLOBAL MARKETS INC.,

             **Defendant.**

-------------------------------------------------------------------X

**23-CV-10166 (ALC)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On May 12, 2026, Defendant filed a letter motion requesting to reopen Plaintiff's deposition. ECF No. 109. Defendant also filed a request to file its letter motion under seal. ECF No. 108. Plaintiff filed her response letter opposing Defendant's requests on May 18, 2026. ECF No. 116.

Defendant's request to reopen Plaintiff's deposition is DENIED. Plaintiff has already been deposed for 14 hours, and Defendant has not sufficiently established good cause warranting an additional four hours. First, Defendant requests additional time to depose Plaintiff because it deems her answers to have been evasive. While Defendant highlights certain answers that were not directly responsive to the question, it is not evident that more time would remedy that issue. Moreover, on the merits, the Court does not find that the Plaintiff was intentionally obfuscatory in her responses, combative, or acting in bad faith. Second, Defendant suggests that additional time is necessary because "Plaintiff is the central witness with extensive knowledge of the issues in this case, and has not been fully examined on her allegations." Defendant does not acknowledge that Plaintiff has already sat for 14 hours of questioning, double what the Federal Rules require. That relief was already extraordinary, and Defendant cannot overcome the heavy

burden it carries to demonstrate that even more time is warranted in this single plaintiff discrimination and retaliation case. Accordingly, the motion is denied.

Defendant also seeks to seal its letter motion. In support of its motion, it contends that it "contains sensitive personal information concerning the parties and unrelated third parties." The letter does not reflect that Defendant met and conferred with Plaintiff before filing the motion and instead notes that she had not stated her position. In her letter, Plaintiff consents to sealing information that concerns non-parties but objects to sealing testimony concerning her own experiences. The motion to seal is thus DENIED in part and GRANTED in part. In light of the public's right of access to judicial proceedings, Defendant has not established a compelling reason to keep its entire letter motion under seal. However, the Court recognizes the need to keep any personal information regarding implicated non-parties under seal. Based on Plaintiff's representation, it appears that the parties have not had an opportunity to sufficiently discuss Defendant's motion to seal. Accordingly, the parties are directed to meet and confer on the appropriate limited redactions that should be applied to Defendant's letter motion and Plaintiff's subsequent response letter and exhibits filed at ECF No. 116. The parties shall submit a joint letter updating the Court on the status of the meet and confer process by no later than Friday, May 29, 2026. If the parties resolve this dispute, the parties shall re-file on the public docket their respective letters and any attachments with limited redactions by Friday, May 29, 2026.

The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 108 and 109.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:        May 19, 2026
              New York, New York

2